## STATE OF CONNECTICUT *v.* JACQUELINE AUGUSTINE
### (4036)

DUPONT, C. J., BORDEN and DALY, Js.

Argued September 15—decision released October 14, 1986

*Daniel V. Presnick,* for the appellant (defendant).

*Judith Rossi,* deputy assistant state's attorney, with whom, on the brief, were *James G. Clark* and *David Gold,* deputy assistant state's attorneys, for the appellee (state).

DUPONT, C. J. The primary issue of this case[1] is whether the trial court abused its discretion in ordering the defendant's release from pretrial custody upon

---

[1] Two issues raised by the defendant on appeal may be summarily treated. General Statutes § 53-21 is not constitutionally infirm as being void for vagueness. *State* v. *Eason,* 192 Conn. 32, 470 A.2d 688 (1984). Moreover, the evidence in this case was sufficient to sustain the defendant's conviction beyond a reasonable doubt, and, therefore, the defendant's motion for a judgment of acquittal was properly denied. See *State* v. *Scielzo,* 190 Conn.

a written promise to appear conditioned upon the prohibition of any contact between the defendant and her daughter.[2] The defendant was subsequently convicted of risk of injury to that minor daughter, a violation of General Statutes § 53-21. We conclude that the claim of the defendant is moot.

The defendant's argument, in essence, is that after a trial a conviction may be set aside if the trial court abused its discretion in ordering a particular condition for the pretrial release of a defendant.[3] She cites no authority for that proposition and we know of none.

We hold that *Murphy* v. *Hunt,* 455 U.S. 478, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982), is dispositive of the issue. Appellate review of a constitutional claim to pretrial release is not available after a conviction because the defendant has no legal cognizable interest in the outcome of the appeal on that basis, absent the reasonable expectation or demonstrated probability that the same controversy involving the same defendant will recur. Id. No such probability or reasonable expectation exists here, and the issue is now moot.

191, 460 A.2d 951 (1983). There was evidence from which the jury could conclude beyond a reasonable doubt that the defendant hit her daughter with a shoe, causing extensive, serious and severe bruising to the temples, arm, buttocks and leg of the child. The child was six years old at the time of the incident.

[2] The defendant claims that the trial court's order deprived her of custody of her child without allowing her the benefit of civil statutory child protection proceedings, subjected her to pretrial punishment in violation of her federal due process rights, denied her a fair trial, and violated her right to a speedy trial. It is difficult to ascertain from the defendant's arguments in her brief exactly what errors are claimed in connection with the alleged denial of a fair trial and the alleged infringement of her right to a speedy trial. The defendant was found guilty by a jury on January 9, 1985. Her motion for a speedy trial was withdrawn on October 2, 1984. The defendant has made no attempt to link her claim of a lack of a fair trial to the pretrial release condition.

[3] The defendant did not seek a review by this court of the condition of her release pursuant to General Statutes § 54-63g. See also Practice Book § 3107. Her motion to modify that condition was denied by the trial court, but no transcript of that proceeding has been supplied to this court.

Another issue raised by the defendant on appeal is whether the trial court erred in denying the defendant's motion for a new trial which she based on the state's alleged failure to make exculpatory information available to the defendant. Prior to trial, the defendant moved for discovery and inspection, requesting, among other items, papers or photographs within the state's possession which were material to the defendant's defense. The state then disclosed to the defendant that it had photographs of the victim and that the photographs were available for inspection. Counsel for the defendant examined the photographs but did not seek their production at trial. Neither the state nor the defendant introduced them into evidence. The defendant claims that the state had an obligation to introduce them into evidence or to provide them physically to the defendant during the trial. At the hearing on the defendant's motion for a new trial, the trial court examined the photographs and determined that they were not exculpatory. In support of her argument, the defendant relies on *Brady* v. *Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). Even if we assume that the photographs were exculpatory, the principles of the *Brady* decision have not been violated. *Brady* only held that the state's suppression of such evidence upon request was violative of due process. Id., 87. Here, the state did not suppress the evidence, but rather disclosed it and, in so doing, complied with *Brady. State* v. *Dolphin,* 195 Conn. 444, 455, 488 A.2d 812, cert. denied, 474 U.S. 833, 106 S. Ct. 103, 88 L. Ed. 2d 84 (1985). The state had no obligation to introduce the photographs into evidence. The defendant could have, but chose not to acquire the photographs for the purpose of offering them for admission into evidence.

There is no error.

In this opinion the other judges concurred.