GREGORY WALKER *v.* COMMISSIONER OF CORRECTION
(14339)

PETERS, C. J., CALLAHAN, COVELLO, BORDEN and BERDON, Js.

Argued June 9—decision released August 11, 1992

*James Moreno,* for the plaintiff in error.

*Julia DiCocco Dewey,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *C. Robert Satti, Jr.,* assistant state's attorney, for the defendant in error.

BORDEN, J. The plaintiff in error (petitioner), Gregory Walker, brings a writ of error from the denial by the habeas court of a grant of certification to appeal[1] its decision dismissing the petitioner's writ of habeas corpus. The petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal. We affirm.

The habeas court's memorandum of decision establishes the following facts. After a jury trial, the petitioner was convicted of murder in violation of General Statutes § 53a-54a (a).[2] The petitioner appealed to this court and we affirmed his conviction. *State* v. *Walker,* 206 Conn. 300, 537 A.2d 1021 (1988).

The petitioner then filed this petition for a writ of habeas corpus, alleging that his incarceration was illegal because he had been denied his right to effective assistance of appellate counsel. Specifically, the petitioner claimed that his appellate counsel had been ineffective because he had failed to challenge on appeal the trial court's instruction on circumstantial evidence.

In its memorandum of decision, the habeas court dismissed the writ because the petitioner had failed to

---

[1] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the supreme court or appellate court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[2] General Statutes § 53a-54a (a) provides in pertinent part: "MURDER. (a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

establish the two requirements of an ineffective assistance of counsel claim as set forth in *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh. denied, 467 U.S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984). The habeas court concluded that the petitioner had not met his burden of demonstrating that, by failing to challenge the instruction, his appellate counsel's performance fell below accepted standards of attorney competency, *and* that the appeal would have been successful if the issue had been raised. The petitioner timely filed a petition for certification to appeal the habeas court's decision. The habeas court denied the petition for certification. The petitioner then brought this writ of error.[3]

---

[3] The petitioner's writ of error has raised significant questions as to the subject matter jurisdiction of this court. Practice Book § 4143 provides in pertinent part: "(b) No writ of error may be brought in any civil or criminal proceeding for the correction of error where (1) the error might have been reviewed by process of appeal, *or by way of certification, except that . . . a petitioner may bring a writ of error in a habeas corpus proceeding requiring certification to appeal where petitioner has been denied certification to appeal and the issues sought to be raised do not present any federal questions cognizable by the federal district court,* or (2) the parties, by failure timely to seek a transfer or otherwise, have consented to have the case determined by a court or other tribunal from whose judgment there is no right of appeal or opportunity for certification." (Emphasis added.) This Practice Book rule is derived from General Statutes § 52-273 which provides in pertinent part: "No writ of error may be brought in any civil or criminal proceeding for the correction of any error which might have been reviewed by process of appeal."

The petitioner's writ of error in the present case may bring these two provisions into conflict. In the writ of error, the petitioner claims that the habeas court abused its discretion by denying certification to appeal. The writ of error, therefore, is premised on the assumption that the aggrieved party cannot appeal from a denial of certification to appeal. This assumption, however, may conflict with our decision in *State* v. *Bergin,* 214 Conn. 657, 574 A.2d 164 (1990). In *Bergin,* we concluded that the state may challenge on appeal the trial court's denial of permission to appeal pursuant to General Statutes § 54-96 under an abuse of discretion standard. Id., 660–63. Thus, by analogy, the petitioner in the present case may have been

We disagree with the petitioner's claim that the habeas court abused its discretion by denying certification to appeal. A habeas court's denial of certification to appeal is reversible only if the court's decision is so unreasonable as to constitute an abuse of discretion. See *State* v. *Bergin,* 214 Conn. 657, 660, 574 A.2d 164 (1990) (interpreting denial of permission to appeal under General Statutes § 54-96 to be reviewable only under an "abuse of discretion" standard); *State* v. *Avcollie,* 174 Conn. 100, 110, 384 A.2d 315 (1977) (same). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citation omitted; inter-

entitled to have the habeas court's denial of certification to appeal "reviewed by process of appeal," thereby making this writ of error improper under § 52-273.

Such reasoning, in turn, raises a more troubling question. General Statutes § 51-14 (a) provides in pertinent part: "Such [Practice Book] rules shall not abridge, enlarge, or modify any substantive right nor the jurisdiction of any courts." If the petitioner could have appealed from the denial of certification in this case, thereby making a writ of error improper under § 52-273, then the additional right to file a writ of error under Practice Book § 4143 (b) (1) arguably would have enlarged the petitioner's substantive rights, and the jurisdiction of this court, in violation of § 51-14 (a).

Similarly, it is arguable that General Statutes § 54-96 is inapplicable to habeas corpus proceedings and, therefore, it could be argued that the petitioner could not have appealed the habeas court's denial of certification to appeal, in which case a writ of error would have been proper under § 52-273. Consequently, the additional requirement in Practice Book § 4143 (b) (1), that the writ contain no claims cognizable in federal district court, arguably may abridge the petitioner's right to file a writ of error and modify the jurisdiction of this court, and thus also constitute a violation of § 51-14.

Neither party to this case has raised or briefed these jurisdictional and statutory questions. Because the interplay of these statutes and the Practice Book provision raises novel and difficult questions, it would be unwise to address them prematurely. For the purposes of this writ of error, therefore, we shall assume that we have jurisdiction to entertain the petitioner's writ of error in this case.

nal quotation marks omitted.) *State* v. *Holmquist*, 173 Conn. 140, 152, 376 A.2d 1111, cert. denied, 434 U.S. 906, 98 S. Ct. 306, 54 L. Ed. 2d 193 (1977).

The petitioner claimed during the habeas corpus proceedings that he had been denied his right to effective assistance of appellate counsel. Specifically, he claimed that his appellate counsel's failure to appeal the issue of whether the trial court erroneously diluted the state's burden of proof by its instruction on circumstantial evidence deprived him of effective assistance of appellate counsel.[4] The habeas court, however, viewing the allegedly erroneous instruction in light of the entire charge, concluded that it was not likely that the jury was misled as to the state's ultimate burden to prove beyond a reasonable doubt each element of the charged offense. Thus, the petitioner claims in his writ of error that the habeas court abused its discretion by denying certification to appeal because it failed to evaluate the allegedly erroneous instruction in isolation from the remainder of the charge in order to determine whether the instruction, in fact, diluted the state's burden of proof.

After the parties had filed their briefs in the present case, but before oral argument, we decided *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 610 A.2d 598 (1992). In *Bunkley*, we held that, when evaluating

---

[4] In summarizing the proper rules regarding circumstantial evidence, the judge instructed the jury that "[i]t is your right to draw inferences if you conclude that the facts that you find proven, reasonably establish other facts by reason and logic and are not a result of speculation, surmise or guesswork. If from the facts that you find proven, you reasonably do infer other facts, you may then use the facts then so inferred as a basis for a further inference that other facts exist, including facts going to establish the guilt or innocence of the defendant."

Although the judge repeatedly instructed the jury that it must find each and every element of the offense charged proven beyond a reasonable doubt, the petitioner claims that this summary instruction on circumstantial evidence unconstitutionally diluted the state's burden of proof.

an ineffective assistance of appellate counsel claim in a habeas proceeding, the proper inquiry is to consider the allegedly improper instruction, not in isolation from the remainder of the charge, but with reference to the entire charge and the totality of the evidence before the jury.[5]

In light of *Bunkley*, the habeas court's conclusion that the allegedly improper charge must be examined in the context of the entire charge was correct. Consequently, the petitioner's claim that the habeas court abused its discretion in denying certification to appeal is without merit.

The judgment is affirmed.

In this opinion PETERS, C. J., CALLAHAN and COVELLO, Js., concurred.

BERDON, J., dissenting. I am concerned with the majority's footnote 3, which states that the petitioner's writ of error raises "significant questions as to the sub-

---

[5] In *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 457, 610 A.2d 598 (1992), we stated that the prejudice standard of *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh. denied, 467 U.S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984), would "require us to consider not solely the offending language of the instruction in isolation from the remainder of the charge, but also the totality of the evidence before the . . . jury." At oral argument, the petitioner relied on this language to claim that, on collateral attack, *Bunkley* requires the offending portion of the charge to be considered in isolation from the remainder of the charge. While somewhat ambiguous, this sentence must be read in the context of the entire opinion. After having set forth the proper standards by which to evaluate the petitioner's claim in *Bunkley*, including the language noted above, we then turned to the particular jury charge in question. Applying the standard to the particular charge, we examined the charge in its entirety, that is, both the allegedly improper charge and the fifty pages of transcripts containing the remainder of the charge. Consequently, the language from *Bunkley* quoted above, contrary to the petitioner's assertion, must be understood to require a habeas court to read the allegedly improper charge in light of the entire charge and all of the evidence before the jury, in order to determine whether the charge was so misleading that one reasonably lacks confidence in the jury's verdict.

ject matter jurisdiction of this court." If the majority is really serious about our not having subject matter jurisdiction in this case, then we must address this issue first. A "court may raise the issue of its subject matter jurisdiction sua sponte and must dismiss the case if it finds subject matter jurisdiction to be lacking. . . . [O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Citations omitted; internal quotation marks omitted.) *State* v. *Carey,* 222 Conn. 299, 305, 610 A.2d 1147 (1992).

How, then, can the majority profess to be concerned about the "troubling" subject matter jurisdiction questions presented in this writ, and then quickly sweep them away in a footnote? "[W]henever a court discovers that it has no [subject matter] jurisdiction, *it is bound to dismiss the case . . . .*" (Emphasis added; internal quotation marks omitted.) *Concerned Citizens of Sterling* v. *Sterling,* 204 Conn. 551, 557, 529 A.2d 666 (1987); see also Practice Book § 145 ("[a]ny claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). Under the circumstances, if the majority believes that the issue of this court's jurisdiction raises "novel and difficult questions," then we should order rebriefing and reargument on that issue.

As for the merits, a principal issue in this case was the intent of the petitioner, as evidenced by the trial court's instruction to the jury that the "state asks you to infer that Mr. Walker intended to cause [the victim's] death from all the circumstances surrounding his death which it claims it proved." The petitioner claimed ineffective assistance of appellate counsel because that counsel failed to challenge in the appeal the following

trial court instruction: "It is your right to draw inferences if you conclude that the facts that you find proven, reasonably establish other facts by reason and logic and are not a result of speculation, surmise or guesswork." In *State* v. *Rodgers,* 198 Conn. 53, 57, 502 A.2d 360 (1985), the trial court, while instructing the jury on circumstantial evidence, stated that an inference may be drawn if " 'it is more probable that the fact to be inferred is true.' " We reversed the defendant's conviction because that instruction, which is virtually identical to the one at issue in this writ of error, impermissibly diluted the state's burden of proof. In reversing the conviction in *Rodgers,* "we refused to follow the traditional route of reading the charge in its entirety to determine whether the jury was apt to have been misled by the instruction. We specifically held that '[t]here exists such a contradiction between the erroneous instruction and the admixture of correct doctrine that as a whole it cannot be said that the incorrect statement did not influence the jury.' Id., 59. In *State* v. *Whalen,* 200 Conn. 743, 757, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986), this court reasoned that '[w]here the principal factual issue is intent, which is characteristically proven by circumstantial evidence . . . the court's instructions regarding the use of circumstantial evidence as proof of this essential element are subject to close scrutiny.' . . . Because intent is routinely proven by circumstantial evidence, the need for the rule is evident; without it, there exists the likelihood that a jury could convict a defendant of the crime charged without the state proving each element beyond a reasonable doubt." *Bunkley* v. *Commissioner,* 222 Conn. 444, 468, 610 A.2d 598 (1992) (*Berdon, J.,* dissenting).

Since I believe that the correct focus should be on whether the result of the appeal would be different when determining prejudice for ineffective assistance

of appellate counsel; id., 466–67; I would find that the habeas court abused its discretion in denying the petitioner certification to appeal and I would grant the writ of error. Accordingly, I dissent.