STATE OF CONNECTICUT *v.* JOSEPH R. DEMASI
(12336)

DUPONT, C. J., HEIMAN and FREEDMAN, Js.

Argued January 13—decision released April 5, 1994

*Robert J. Recio,* for the appellant (defendant).

*Judith Rossi,* assistant state's attorney, with whom, on the brief, were *Walter D. Flanagan,* state's attorney, and *Brian E. Cotter,* supervisory assistant state's attorney, for the appellee (state).

HEIMAN, J. The defendant appeals from the judgment of the trial court revoking the defendant's probation pursuant to General Statutes § 53a-32,[1] after finding that the defendant violated the terms of his probation. The defendant claims that the trial court (1) abused its discretion by denying his motion for real estate bond, (2) abused its discretion by denying him discovery, (3) improperly revoked his probation because he did not

[1] General Statutes § 53a-32 provides: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. Any such warrant shall authorize all officers named therein to return the defendant to the custody of the court or to any suitable detention facility designated by the court. Any probation officer may arrest any defendant on probation without a warrant or may deputize any other officer with power to arrest to do so by giving him a written statement setting forth that the defendant has, in the judgment of the probation officer, violated the conditions of his probation. Such written statement, delivered with the defendant by the arresting officer to the official in charge of any correctional center or other place of detention, shall be sufficient warrant for the detention of the defendant. After making such an arrest, such probation officer shall present to the detaining authorities a similar statement of the circumstances of violation. Provisions regarding release on bail of persons charged with a crime shall be applicable to any defendant arrested under the provisions of this section. Upon such arrest and detention, the probation officer shall immediately so notify the court or any judge thereof. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. At such hearing the defendant shall be informed of the manner in which he is alleged to have violated the conditions of his probation or conditional discharge, shall be advised by the court that he has the right to retain counsel and, if indigent, shall be entitled to the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in his own behalf.

"(b) If such violation is established, the court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by reliable and probative evidence."

receive formal notice of changes to the conditions of probation, (4) abused its discretion by finding that he violated the conditions of probation, (5) improperly refused to admit evidence that the beneficial purposes of probation were still being served and improperly determined that he failed to provide sufficient evidence that the beneficial purposes of probation were being served, and (6) improperly prohibited the introduction of relevant evidence. We affirm the judgment of the trial court.

The following facts are necessary for a proper resolution of this appeal. On May 28, 1987, the defendant entered a guilty plea to two counts of risk of injury to a child in violation of General Statutes § 53-21,[2] and one count of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1).[3] On August 4, 1987, the trial court sentenced the defendant on each count to the custody of the commissioner of correction for a term of ten years, the sentences to run concurrently, suspended after the defendant had served seven years, and, upon his release, be placed under the supervision of the office of adult probation for a period of five years. The sentencing court placed five conditions on the defendant's probation in addition to the usual statutory conditions. The special conditions included: (1) "such inpatient or outpatient psychological and psychosexual treatment as is deemed appropriate and/or necessary by the department of adult probation,"

---

[2] General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[3] General Statutes § 53a-71 provides in pertinent part: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under sixteen years of age . . . ."

(2) "that [the defendant] take no job which would bring [him] in contact with any minor person under the age of sixteen years," (3) "such in or outpatient treatment for substance abuse as may be deemed necessary and/or appropriate by the department of adult probation," and (4) "that [he] have no contact with any of the victims and/or their families."

The defendant was released from incarceration on May 19, 1992, and reported to Christopher Langrock, a senior probation officer for the state of Connecticut, who explained the conditions of probation to him. The defendant requested a transfer of his probation supervision to New York City so that he could live with his father and he was assigned to Marisa St. John, a probation officer employed by the department of probation of the city of New York. St. John met the defendant on August 8, 1992, and directed him to enroll in the Metropolitan Diagnostic Treatment Center, a sex offender treatment program conducted by Rashmi Skadegaard. Skadegaard informed St. John that the defendant attended one session in August, several sessions in October and one session in November. On December 15, 1992, the defendant informed St. John that he was no longer attending Skadegaard's program. In response, she ordered that he either continue attending Skadegaard's program or enroll with CAP Behavior Associates. The defendant attended one session but decided not to attend more sessions because the program charged $25 per session. At that point, St. John directed the defendant to attend Skadegaard's program. Instead, the defendant enrolled in Western Consultation Center, a program for treatment of pedophilia, and was treated by Henry McGoldrick, a doctoral student. St. John told the defendant that he must attend Skadegaard's program because it treats sex offenders and treatment only for pedophilia was not appropriate. The defendant refused and St. John informed Langrock of the problem.

On January 12, 1993, Langrock filed a motion for violation of probation because the defendant "[had] failed to cooperate with special conditions of probation regarding treatment." After a full hearing on April 2, 1993, the trial court found that the defendant had violated his probation and placed him in the custody of the department of correction for the remainder of his sentence. This appeal followed.

I

The defendant first claims that the trial court abused its discretion by denying his motion for real estate bond pending the resolution of the revocation proceedings. The defendant asserts that the trial court violated the privileges and immunities clause of the United States constitution. U.S. Const., art. IV, § 2.[4] This issue is moot.

"Appellate review of a constitutional claim to pretrial release is not available after a conviction because the defendant has no legal cognizable interest in the outcome of the appeal on that basis . . . ." *State* v. *Augustine,* 9 Conn. App. 74, 75, 515 A.2d 1079 (1986); see *Murphy* v. *Hunt,* 455 U.S. 478, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1981). Further, the issue does not fall under the exception of " 'capable of repetition, yet evading review.' " *Murphy* v. *Hunt,* supra, 482. That doctrine is limited to situations where two elements are met: " '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.' " Id. The first element is not met in this case. The defendant could have fully litigated the issue by challenging the denial of the real estate

---

[4] Section 2 to the fourth article of the United States constitution provides: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

bond through direct appellate review at a time when relief might have been available. General Statutes § 54-63g.[5] The defendant failed to appeal the denial of the real estate bond. The issue is moot.

## II

The defendant next claims that the trial court abused its discretion by denying him discovery. The defendant asserts that the trial court's refusal to order the state to produce the New York probation file denied him the right to due process. We are unpersuaded.

Certain additional facts are necessary for a proper resolution of this issue. On February 26, 1993, the defendant filed a motion for discovery and production. The motion requested, inter alia, "the names, telephone numbers, and titles of all probation officers and their supervisors both in New York and Connecticut who had contact with the DeMasi probation file known to the state and an acquiescence to the defendant's attorney having access to any probation files or records to conduct a search for exculpatory material therein." The trial court held a hearing on the matter on March 8, 1993, and denied the motion. The defendant did not attempt to subpoena the New York files.

"[T]he loss of liberty resulting from the revocation of probation is a serious deprivation requiring that the probationer be accorded due process of law; *Gagnon* v. *Scarpelli,* 411 U.S. 778, 781, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); *Morrissey* v. *Brewer,* 408 U.S. 471, 480–84, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) . . . ." *Payne* v. *Robinson,* 207 Conn. 565, 574, 541 A.2d 504,

[5] General Statutes § 54-63g provides: "Any accused person or the state, aggrieved by an order of the superior court concerning release, may petition the appellate court for review of such order. Any such petition shall have precedence over any other matter before said appellate court and any hearing shall be heard expeditiously with reasonable notice."

cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988). "There is no doubt of the constitutional obligation of a prosecutor to disclose all material evidence favorable to an accused in his possession, an obligation that exists without statutory or practice book mandates." (Internal quotation marks omitted.) *State v. Green,* 194 Conn. 258, 264 n.6, 480 A.2d 526 (1984), cert. denied, 469 U.S. 1191, 105 S. Ct. 964, 83 L. Ed. 2d 969 (1985). "In order to establish [a constitutional violation], the defendant must demonstrate [that] the prosecution *had possession* of material information favorable to the accused . . . ." (Emphasis added.) *State v. Falcone,* 191 Conn. 12, 17, 463 A.2d 558 (1983); *State v. Crumble,* 24 Conn. App. 57, 63, 585 A.2d 1245, cert. denied, 218 Conn. 902, 588 A.2d 1077 (1991). The record fails to reveal any evidence that the state possessed the New York probation file thereby triggering the prosecutor's obligation to produce the material. Thus, the defendant's constitutional rights were not violated.

## III

The defendant next claims that the trial court improperly revoked his probation because he did not receive formal notice of changes to the conditions of probation. The defendant asserts that St. John changed the conditions of probation when she required him to attend Skadegaard's program and that he should have received formal notice of that change. See *United States v. Barth,* 899 F.2d 199, 203 (2d Cir. 1990). We are unpersuaded.

The claim by the defendant that the conditions of probation changed is not supported by the record. When the defendant was placed on probation, one of the conditions was that he receive "such inpatient or outpatient psychological and psychosexual treatment *as is deemed appropriate and/or necessary by the department*

*of adult probation."* (Emphasis added.) The probation officer was to determine which program the defendant must attend. Therefore, the insistence by St. John that the defendant attend a certain program was consistent with the conditions of probation as imposed. Since the facts of the case do not exhibit any change of conditions of probation, we need not and do not determine whether a probationer is entitled to formal notice of changes of conditions of probation.

## IV

The defendant next claims that the trial court abused its discretion by finding that he violated the conditions of probation. Specifically, the defendant claims that St. John was not believable as a witness and that the trial judge was biased against the defendant. We are unpersuaded.

"We will not substitute our judgment for that of the trial court on issues of credibility." *State v. Navikaukas,* 12 Conn. App. 679, 683, 533 A.2d 1214 (1987), cert. denied, 207 Conn. 804, 540 A.2d 74 (1988). " 'It was within the trial court's discretion to determine the credibility of the witnesses and the weight to be given their testimony, including the testimony of the defendant's probation officer.' " *State v. Scott,* 31 Conn. App. 660, 666, 626 A.2d 817 (1993); *State v. Baxter,* 19 Conn. App. 304, 320–21, 563 A.2d 721 (1989). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citation omitted; internal quotation marks omitted.) *State v. Reddick,* 224 Conn. 445, 467, 619 A.2d 453 (1993); *State v. Villano,* 33 Conn. App. 162, 170, 634 A.2d 907 (1993). On the basis of the entire record, we are unable to conclude that the trial court abused its discretion.

The claim that the trial judge was biased against the defendant was not properly preserved in the trial court. The defendant did not file a motion to disqualify the trial judge. Practice Book § 997.[6] "This court has held that, '[a]s a general rule, even in cases alleging judicial bias, this court will not consider the issue on appeal where the party failed to make the proper motion for disqualification at trial.' *Barca* v. *Barca*, 15 Conn. App. 604, 607, 546 A.2d 887, cert. denied, 209 Conn. 824, 552 A.2d 430 (1988). Failure to request recusal or move for a mistrial represents the [defendant]'s acquiescence to the judge presiding over the trial." *Schnabel* v. *Tyler*, 32 Conn. App. 704, 714, 630 A.2d 1361, cert. granted on other grounds, 227 Conn. 931, 632 A.2d 708 (1993). "Thus, his acquiescence to the judge's presiding prohibits our review of his claim on appeal." Id., 715.

## V

The defendant next claims that the trial court improperly refused to admit evidence that the beneficial purposes of probation were still being served, failed to evaluate whether the beneficial aspects of probation were still being served and improperly determined that the beneficial purposes of probation were no longer being served when he provided sufficient evidence to the contrary. We are unpersuaded.

The defendant failed to brief the issue of the trial court's refusal to admit evidence of the beneficial purposes of probation. "An appellant who fails to brief a claim abandons it . . . ." *State* v. *Zarick*, 227 Conn. 207, 221, 630 A.2d 565 (1993). Instead, the defendant

---

[6] Practice Book § 997 provides: "A motion to disqualify a judicial authority shall be in writing and shall be accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in good faith. The motion shall be filed no less than ten days before the time the case is called for trial or hearing, unless good cause is shown for failure to file within such time."

argues only that the trial court failed to evaluate whether the beneficial aspects of probation were still being served. Once the trial court found that the terms of probation were violated and revoked the defendant's probation, impliedly, the trial court found that the beneficial purposes of probation were no longer being served. *State* v. *Carey,* 228 Conn. 487, 495, 636 A.2d 840 (1994); *State* v. *Johnson,* 11 Conn. App. 251, 258, 527 A.2d 250 (1987). Thus, the trial court impliedly evaluated whether the beneficial purposes of probation were no longer being served and concluded by implication that they were not.

We review the sufficiency of the evidence to support this implied finding by determining whether the state provided sufficient evidence so that, had the trial court explicitly found that the beneficial purposes of probation were no longer being served, "that is, his rehabilitation and the protection of society, were no longer being served"; *State* v. *Johnson,* supra, 11 Conn. App. 259; it would not have abused its discretion. *State* v. *Carey,* supra, 228 Conn. 498. "In making this . . . determination, the trial court is vested with broad discretion. *State* v. *Smith,* 207 Conn. 152, 167, 540 A.2d 679 (1988) . . . ." *State* v. *Davis,* 229 Conn. 285, 290, 641 A.2d 370 (1994). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citation omitted; internal quotation marks omitted.) *State* v. *Reddick,* supra, 224 Conn. 467; *State* v. *Villano,* supra, 33 Conn. App. 170.

General Statutes § 53a-32 (b) provides that revocation shall not be ordered "except upon consideration of the whole record . . . ." The record reveals that the defendant was convicted of risk of injury to a child and

sexual assault in the second degree. One condition of probation required the defendant to attend a treatment program deemed appropriate by the probation officer. The probation officer directed the defendant, pursuant to the conditions of probation, to attend therapy sessions for sex offenders. The defendant refused because he wanted to attend therapy sessions for pedophilia. After several attempts to persuade the defendant to enroll in the sex offender program, the probation officer reported his refusal to the Connecticut probation department. We also note that the breach of probation committed by the defendant was the violation of a condition intimately connected to the underlying crime. Upon review of the whole record, we conclude that the trial court's implied finding that the beneficial purposes of probation were no longer being served was not an abuse of its discretion. See *State* v. *Carey,* supra, 228 Conn. 498.

## VI

The defendant next claims that the trial court improperly prohibited the introduction of evidence. The defendant specifically claims that the trial court improperly refused to allow evidence of assaults suffered by him while in jail because the evidence tended to show that he was motivated to stay out of jail.[7] We are unpersuaded.

---

[7] The transcript reveals that the following colloquy occurred at trial:

"[Defense Counsel]: Were you motivated to meet the terms of your probation?

"A: Yes

"Q: Did you have any particular fears about jail that would have typical—

"A: Well, I was assaulted twelve times, extorted two or three times in prison, and I had an extremely difficult incarceration.

"Q: As a result of your incarceration, were you afraid to go back to jail?

"A: Absolutely

"Q: Did any of these assaults result in physical damage of any kind?

"A: Well, one of the first days I arrived at Somers I was smashed in the face with a shoe and it broke several bones and I required surgery.

"[Prosecutor]: Your Honor, what's this got to do with [inaudible]?

The defendant testified that he was assaulted twelve times and a victim of extortion three times while in prison, that one of the assaults resulted in several broken bones and surgery and that he was motivated to stay out of jail. The record shows that the state interposed a late objection to the questions asked by the defendant's counsel and the state never made a motion to strike the defendant's answers. The trial court also never ruled on the objection interposed by the state and never struck the answers. Therefore, the record is inadequate to show that the claim was properly preserved. See *State* v. *Reddick,* 33 Conn. App. 311 338, 635 A.2d 848 (1993).

The judgment is affirmed.

In this opinion the other judges concurred.

---

"The Court: Yes, what's the relevancy?

"[Defense Counsel]: Your Honor, the relevancy is I'm trying to show that my client was extremely motivated to comply with his—

"The Court: He's already stated that. Do we have to go into details?

"[Defense Counsel]: Your Honor, I think it would help the court to—

"The Court: I'll tell you what: I don't think I'd want to go to jail. I don't care which one. It could be the palace, but you can't get out. I wouldn't want it.

"[Defense Counsel]: Your Honor, if an individual is being assaulted in jail, even if it was set up like a palace—

"The Court: Well—

"[Defense Counsel]: He would have more incentive.

"The Court: Sir, that has nothing to do with anything. The question is did he violate his probation. That's the whole question. Whether he was motivated or not is irrelevant. The question is did he violate the terms and conditions of probation."