STATE OF CONNECTICUT *v.* CHARLES BOSTWICK
(AC 17927)

Foti, Sullivan and Daly, Js.

558

Argued January 22—officially released April 6, 1999

*Robert M. Berke,* assistant public defender, with whom, on the brief, was *Colleen Budzinski,* for the appellant (defendant).

*Margaret Gaffney Radionovas,* assistant state's attorney, with whom, on the brief, were *Jonathan Benedict,* state's attorney, and *Joseph Corradino,* assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Charles Bostwick, appeals from the judgment of the trial court revoking his probation pursuant to General Statutes § 53a-32,[1] and committing him to the custody of the commissioner of

---

[1] General Statutes § 53a-32 provides in relevant part: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. . . .

"(b) If such violation is established, the court may: (1) Continue the sentence of probation or conditional discharge; (2) modify or enlarge the conditions of probation or conditional discharge; (3) extend the period of probation or conditional discharge, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29; or (4) revoke the sentence of probation or conditional discharge. If such sentence is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. Any such lesser sentence may

correction for a period of six years, which represents the unexecuted portion of his sentence. On appeal, the defendant claims that the trial court (1) lacked sufficient evidence to support its finding that the defendant violated his probation and (2) abused its discretion by revoking his probation because the beneficial purpose of probation was still being served. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal.[2] On November 14, 1989, the defendant was sentenced by the trial court, *Reilly, J.*, after being convicted of a number of offenses, to a total effective sentence of ten years imprisonment, execution suspended after four years, followed by three years probation. On November 22, 1993, the defendant was found by the trial court, *Devlin, J.*, to be in violation of the conditions of his probation and his probation was extended for an additional two years.[3] On February 1, 1995, the defendant signed a standard document outlining certain new conditions of probation.

On January 2, 1997, a probation officer applied for an arrest warrant, alleging that the defendant had violated the conditions of his probation by failing to report as directed, by failing to keep the probation office

include a term of imprisonment, all or a portion of which may be suspended entirely or after a period set by the court, followed by a period of probation with such conditions as the court may establish. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by the introduction of reliable and probative evidence and by a preponderance of the evidence."

[2] The trial court did not file a memorandum of decision or a signed transcript of its findings. The defendant filed a motion for articulation, which was denied by the trial court. The defendant failed to seek review of the denial of his motion for articulation from this court. The grounds for the trial court's conclusion that the defendant violated his probation, however, are adequately shown in the record.

[3] The defendant erroneously claims that the probation was extended "until November 22, 1995." The record appears to indicate that his probationary period was to end in October, 1997.

informed of his whereabouts and by violating a law of the state. A hearing was held on June 26, 1997. During the probation revocation hearing, evidence was presented that the defendant had failed to keep a scheduled appointment at his drug treatment program, had tested positive for drug use and had been terminated from the program.

Further evidence showed that on October 17, 1996, the defendant was specifically directed by his probation officer to attend a meeting that was scheduled for November 6, 1996. The defendant, who had been arrested for larceny in the sixth degree on the previous day, October 16, 1996, failed to inform his probation officer of that fact. He thereafter failed to attend the November 6 meeting. The probation officer's attempts to find the defendant over the next few weeks proved fruitless. The defendant failed to contact his probation officer because of his continued drug use. Additionally, the defendant was aware that he had to appear in court for his larceny arrest, but failed to do so.

"[U]nder § 53a-32, a probation revocation hearing has two distinct components. . . . The trial court must first conduct an adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation. . . . If the trial court determines that the evidence has established a violation of a condition of probation, then it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Treat*, 38 Conn. App. 762, 766–67,

664 A.2d 785, cert. denied, 235 Conn. 920, 665 A.2d 907 (1995).

"To support a finding of probation violation, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation. *State* v. *Davis*, [229 Conn. 285, 302, 641 A.2d 370 (1994)]. In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . This court may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling . . . . *State* v. *Treat*, supra, 38 Conn. App. 769–70. A fact is more probable than not when it is supported by a fair preponderance of the evidence. *State* v. *Haggood*, 36 Conn. App. 753, 768, 653 A.2d 216, cert. denied, 233 Conn. 904, 657 A.2d 644 (1995)." (Internal quotation marks omitted.) *State* v. *Welch*, 40 Conn. App. 395, 401, 671 A.2d 379, cert. denied, 236 Conn. 918, 673 A.2d 1145 (1996).

I

The defendant first claims that the trial court lacked sufficient evidence to support its finding that he had violated the conditions of his probation. We disagree.

"The weight to be given the evidence and the credibility of witnesses are solely within the determination of the trier of fact. *State* v. *Scott*, 31 Conn. App. 660, 664, 626 A.2d 817 (1993). In the statutory probation hearing, the trial court acts as the trier of fact in making the

findings as to whether the defendant has violated the terms of his probation. See *State* v. *Roberson*, 165 Conn. 73, 80–81, 327 A.2d 556 (1973). If the record supports the trial court's finding that the defendant failed to comply with the conditions of his probation, the trial court then had the discretion to order a revocation of the probation. *State* v. *Scott*, supra, 664." (Internal quotation marks omitted.) *State* v. *Rollins*, 51 Conn. App. 478, 485, 723 A.2d 817 (1999).

The document outlining the conditions of the defendant's probation, which was signed by the defendant and not contested by him, set forth ten conditions to which the defendant was subject. The three conditions relevant to this case were that the defendant was (1) not to violate any criminal law, (2) to report as directed to his probation officer, giving immediate notice if arrested and, if incarcerated, to report immediately upon release and (3) to keep his probation officer informed of his whereabouts, giving notice of any change in address or employment, and to allow visitation by the probation officer.

We find it unnecessary to discuss at length how the state met its burden of proving that the defendant violated each of those conditions. The defendant admitted to having failed to appear for a sixth degree larceny charge while on probation.[4] The evidence presented also showed that the defendant neither reported to his probation officer as directed nor informed him of his arrest for larceny. Finally, the evidence showed that

[4] The record discloses that a rearrest of the defendant was ordered for his failure to appear on December 19, 1996. The state is not required to obtain a criminal conviction to establish a violation of probation arising out of criminal conduct. *State* v. *Deptula*, 34 Conn. App. 1, 5, 639 A.2d 1049 (1994). There need be only "enough to satisfy the court within its sound judicial discretion that the probationer has not met the terms of his probation." *Payne* v. *Robinson*, 10 Conn. App. 395, 403, 523 A.2d 917 (1987), aff'd, 207 Conn. 565, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988).

the defendant failed to keep his probation officer informed of his whereabouts. The record demonstrates that the evidence adduced at the probation hearing was more than sufficient to support the trial court's finding and to induce a reasonable belief that it was more probable than not that the defendant violated the three conditions of his probation.

## II

The defendant next claims that the trial court abused its discretion by revoking his probation because the beneficial purpose of probation was still being served. Specifically, the defendant argues that because he became homeless, was addicted to drugs, including alcohol, crack cocaine and marijuana, and because he had only four months left on probation, his "unintentional" violations should not have caused the trial court to conclude that the beneficial purposes of probation were no longer being served. The trial court did not accept the defendant's argument and we cannot conclude that the trial court abused its discretion in revoking his probation.

"When reviewing the second component of a probation revocation hearing, an appellate court must determine whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. *State* v. *Roberson*, [supra, 165 Conn. 80]; *State* v. *Johnson*, 11 Conn. App. 251, 257, 527 A.2d 250 (1987). In making this second determination, [whether the defendant's probationary status should be revoked] the trial court is vested with broad discretion. *State* v. *Smith*, 207 Conn. 152, 167, 540 A.2d 679 (1988). *State* v. *Davis*, supra, 229 Conn. 290. In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest

or where injustice appears to have been done. . . . *Walker* v. *Commissioner of Correction*, 223 Conn. 411, 414–15, 611 A.2d 413 (1992). In determining whether to revoke probation, the trial court shall consider the beneficial purposes of probation, namely rehabilitation of the offender and the protection of society. *State* v. *DeMasi*, [34 Conn. App. 46, 55, 640 A.2d 138, cert. denied, 230 Conn. 906, 644 A.2d 920 (1994)]. The important interests in the probationer's liberty and rehabilitation must be balanced, however, against the need to protect the public. *State* v. *Davis*, supra, 297.

"General Statutes § 53a-32 (b) provides that revocation shall not be ordered except upon consideration of the whole record . . . ." (Internal quotation marks omitted.) *State* v. *Treat*, supra, 38 Conn. App. 770–71. "Although a finding of a violation of a condition of probation should not lead to a rote revocation of probation . . . there [generally] is no constitutional requirement . . . that the trial court must first find that the violation was willful, before probation may be revoked." (Citation omitted.) *State* v. *Baxter*, 19 Conn. App. 304, 320, 563 A.2d 721 (1989). The record discloses that the defendant's testimony demonstrates that the violations were not unintentional. After examining the entire record in this case, we cannot conclude that the trial court abused its discretion in revoking the defendant's probation and imposing the suspended portion of his sentence.

The judgment is affirmed.

In this opinion the other judges concurred.