The motion before this court concerns the preclusive effect, if any, of the failure to assert a personal injury claim as a counterclaim in a small claims action. The defendants, ROI Highland, LLC and Mahler Realty Advisors, Inc., have each moved for summary judgment on their special defense that the plaintiffs claim for injuries sustained in a fall on a stairwell in a building owned and/or managed by the defendants is barred by the doctrines of res judicata and collateral estoppel.
The plaintiff alleges in her complaint that on July 15, 1995, she sustained injuries, including a fractured clavicle, back and shoulder strains or sprains, and headaches, when she slipped and fell in a stairway at a premises at 3 Gayridge Road in Waterbury that she claims was defective because of inadequate lighting.
In support of their motion, the defendants have filed documents which indicate that in March 1996, ROI Highland, LLC, brought an action against the plaintiff in the small claims session of Superior Court, seeking to recover damages for unpaid rent, late charges, and damage to an apartment in which she was alleged to have been a tenant from December 1995 to February 1996. In her answer to the small claims complaint, the plaintiff filed a special defense alleging that rent was not due because the premises were defective and did not comply with local fire code requirements concerning emergency lighting. The plaintiff alleged in her special defenses that "On or about June 1995, the plaintiff slipped and fell in a common stairway of the demised premises" and that "[t]he immediate cause of the accident was a failure to provide emergency lighting in the stairway."
In a counterclaim, she alleged that she was entitled to a rent rebate for the period between June and December 1995 because of the alleged statutory violations. The plaintiff did not file a counterclaim seeking to recover for her alleged personal injury; rather, her special defenses and counterclaim were confined to the issue of whether rent was due and whether a reduction was required because of the alleged condition of the premises.
The movants have also filed a portion of the transcript of a deposition of the plaintiff, in which she testified that the stairwell at issue in her special defenses and counterclaim in CT Page 4565 the small claims case was the same stairwell on which she suffered the injury in the case before this court.
Further documents presented by the movants indicate that the small claims magistrate granted judgment for ROI Highland, LLC both on its claim and on the present plaintiffs counterclaim. Mahler Realty Advisors, Inc. was not a party in the small claims action.
The movants claim that the plaintiff could have brought her personal injury claim as a counterclaim in the small claims session and that the judgment in that case operates as res judicata of that claim and estops her from bringing this action.
 Standard of Review
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book [§ 17-49]. Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481, 697 A.2d 71 (1997). Nichols v. Lighthouse Restaurant, Inc.,246 Conn. 156, 163, 716 A.2d 71 (1998)." (Internal quotation marks omitted.) Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714
(1999); Sherwood v. Danbury Hospital, 252 Conn. 193, 201 (2000);Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24 (1999).
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. Double ATransportation, Inc., supra, 248 Conn. 24.
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital,supra, 252 Conn. 201; Serrano v. Burns, 248 Conn. 419, 424
(1999); Connell v. Colwell, 214 Conn. 242, 246-47 (1990). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v.CT Page 4566Urban Redevelopment Commission, 158 Conn. 364, 380 (1969); Vuonov. Eldred, 155 Conn. 704, 705 (1967); Lockwood v. ProfessionalWheelchair Transportation, 37 Conn. App. 85, 9 1-92, cert. denied,233 Conn. 902 (1995).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988); Telesco v. Telesco, 187 Conn. 715, 718
(1982).
 Claim Preclusion
It is well established that claims that have actually been litigated in the small claims session of the Superior Court may not be relitigated in a case brought in the civil division of Superior Court. Orselet v. DeMatteo, 206 Conn. 542, 549 (1988). In that case, a plaintiff had sued a defendant in the small claims session for damage to her car arising from a motor vehicle accident. She brought a separate suit in the civil division of Superior Court seeking compensation for loss of the use of her car resulting from the same motor vehicle accident. Finding that the claims for property damage and loss of use arose from the same claim of negligence in the same "transactions" the Supreme Court ruled that the trial court had correctly ruled that the later attempt to recover for loss of use of the vehicle in a second suit was barred by the doctrine of res judicata.
The test for whether a prior adjudication in the small claims session is res judicata of a later claim is whether the rights at issue in the later case are rights with respect to the same transaction as was at issue in the first suit. As the Court stated in Orselet, supra, 206 Conn. 545-46, "[w]hat factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. SeeDuhaime v. American Reserve Life Ins. Co., 200 Conn. 360, 365
(1986).
Defendant ROI Highland, LLC does not, however, claim that the plaintiff actually brought her claim for personal injuries arising from negligence in the small claims action, but only that CT Page 4567 she ought to have done so. Under general principles of claim preclusion, a judgment is a bar "with respect to any claims relating to the cause of action which were actually made or which might have been made." Bridgeport Hydraulic Co. v. Pearson,139 Conn. 186, 196 (1952). With respect to a claim that was not presented in the first proceeding but is identified as one that "might" have been presented, the dispositive issue is whether the claim that was not brought in the initial proceeding is a right of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. Orselet v. DeMatteo,
supra, 206 Conn. 545. "Because the operative effect of the principle of claim preclusion or merger is to preclude relitigation of the `original claim' [between the same parties], it is crucial to define the dimensions of that `original claim.'"Duhaime v. American Reserve Life Ins. Co., supra, 200 Conn. 364.
The transaction at issue in the small claims action brought by ROI Highland, LLC, was a claim for breach of a lease. The damages sought were unpaid rent and the cost of cleaning the leased premises after the tenant had left it. The plaintiff confined her special defenses and counterclaim to issues concerning the same transaction, that is, the obligations that arose under the lease. She claimed that rent was not due because the premises failed to comply with code standards. Her reference to her injury was merely illustrative of the condition and time period when she was claiming that no rent was due.
The transaction that is at issue in the instant case is different from the defense of the claim for unpaid rent. It does not concern obligations under a lease but rather obligations of due care to avoid personal injury to invitees. Unlike the plaintiff in Orselet, the plaintiff in this case has not simply divided two elements of damages from a single tort and brought the tort claim in two cases, one in the small claims session and one in the civil division. She has, rather, in response to a suit alleging the violation of her obligations under a lease, countered with defenses pertaining to lease obligations. The personal injuries the plaintiff sustained did not arise from the lease transaction, but involve a claim of tort common to any person on the premises as an invitee.
The elements of the plaintiffs tort claim are different from the elements of the contract claim at issue in the case brought by ROI Highland, LLC. The elements of her counterclaim for CT Page 4568 reduction of rent and the facts relevant thereto are also different from those that apply to her tort claim. Her tort claim involves a claim not only against the plaintiff in the small claims action but against the management company, which was not a party in that case. With reference to the criteria quoted above from Orselet, this court considers that the assertion in the collection case of personal injury claims that the tenant may have not only against the landlord, but against other parties, is not a "convenient trial unit" and the present claim is not therefore one that might have been brought in that proceeding.
The plaintiff urges this court to rely on the Appellate Court's ruling in Isaac v. Truck Service, Inc., 52 Conn. App. 557 (1999). In view of the fact that the Supreme Court has granted a motion for certification, see 249 Conn. 905 (1999), this court regards the analysis in that case, which does not appear to follow the precepts of Orselet, as questionable authority.
Applying the transactional test set forth in Orselet andDuhaime, this court finds that the personal injury claim at issue in this case arises from a separate legal obligation, involves additional issues and parties, and is not one that was either actually made or which might reasonably have been made in the rent collection case. Accordingly, the plaintiff is not barred by the doctrine of res judicata or by collateral estoppel.
The doctrines of claim preclusion invoked by the defendants apply to actions between the same parties. Rawling v. New Haven,
200 Conn. 100,[206 Conn. 100], 110 (1988). In fact, only defendant ROI Highland, LLC was a party in the small claims case, and the other defendant, Mahler Realty Advisors, Inc., has demonstrated no basis for an award of summary judgment on the grounds raised.
 Conclusion
The motion for summary judgment of ROI Highland, LLC and of Mahler Realty Advisors, Inc. is denied.