## STATE OF CONNECTICUT *v.* PAUL DEPTULA
## (12093)

FOTI, LANDAU and CRETELLA, Js.

Argued November 29, 1993—decision released April 5, 1994

*Susan C. Marks,* assistant state's attorney, with whom, on the brief, were *Mark S. Solak,* state's attorney, and *Mark Stabile,* supervisory assistant state's attorney, for the appellant (state).

*Pamala J. Favreau,* assistant public defender, for the appellee (defendant).

FOTI, J. The state of Connecticut appeals[1] from the judgment rendered by the trial court granting the defendant's motion to dismiss the information charging him with violation of probation under General Statutes § 53a-32.[2] The state argues that the trial court improperly concluded that § 53a-32 does not authorize

---

[1] The state requested and was granted permission to file this appeal pursuant to General Statutes § 54-96, which provides: "Appeals from the rulings and decisions of the superior court, upon all questions of law arising on the trial of criminal cases, may be taken by the state, with the permission of the presiding judge, to the supreme court or to the appellate court, in the same manner and to the same effect as if made by the accused."

[2] General Statutes § 53a-32 provides in pertinent part: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. . . . [T]he court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. At such hearing the defendant shall be informed of the manner in which he is alleged to have violated the conditions of his probation or conditional discharge, shall be advised by the court that he has the right to retain counsel and, if indigent, shall be entitled to the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in his own behalf.

"(b) If such violation is established, the court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by reliable and probative evidence."

the revocation of probation for criminal acts committed after sentencing but prior to the commencement of the probationary period, even when the arrest warrant is issued after the commencement of probation. We affirm the judgment of the trial court.

The facts are not disputed. In May, 1990, the defendant was convicted of assault in the second degree in violation of General Statutes § 53a-60 (conviction one) and sentenced to a term of imprisonment of five years, execution suspended after two years, followed by three years of probation. On April 30, 1991, while serving the two year custodial portion of his sentence, the defendant was placed on supervised home release.

In July, 1991, the defendant was arrested for assault arising out of an incident that occurred in June, 1991, while the defendant was on home release. The defendant was returned to the confines of the correctional facility. He was tried and convicted on October 18, 1991, of assault in the second degree in violation of General Statutes § 53a-60 (a) (1) and pleaded nolo contendere to being a persistent felony offender in violation of General Statutes § 53a-40 (b) (conviction two). He was sentenced to ten years, execution suspended after six years followed by four years of probation, to run concurrent with the sentence on conviction one.

The custodial portion of the defendant's sentence on conviction one expired on October 15, 1991, and on that date probation commenced. An arrest warrant for violation of probation was issued on November 12, 1991. The warrant was not executed, however, until October 20, 1992, while the defendant was in the custody of the department of correction on conviction two. The affidavit accompanying the warrant cited conviction two as the ground for the violation of probation and as demonstrating that the defendant was not worthy of having the opportunity of probation. A hearing was

held on this matter on December 29, 1992, and the trial court dismissed the warrant and information.

Conviction two was subsequently reversed by this court and the matter remanded for a new trial in *State* v. *Deptula,* 31 Conn. App. 140, 623 A.2d 525, cert. granted, 226 Conn. 911, 628 A.2d 984 (1993). Our Supreme Court granted the state's petition for certification to appeal this court's reversal of conviction two, and, while the present appeal from the dismissal of the revocation information was pending before this court, our Supreme Court dismissed the state's appeal on conviction two. *State* v. *Deptula,* 228 Conn. 852, 635 A.2d 812 (1994). Consequently, our reversal of conviction two stands.

I

Before we reach the merits of the appeal, we must first consider whether this court has jurisdiction to render a decision in this case. At oral argument, the state conceded that, if the Supreme Court affirmed our ruling on conviction two, the present appeal would be moot because conviction two was the basis for the probation revocation in the present case. A finding of a violation of probation must be reversed if the underlying conviction, on which the probation violation was solely based, is reversed. *State* v. *Martinez,* 22 Conn. App. 808, 577 A.2d 1072 (1990); *State* v. *Soltes,* 20 Conn. App. 342, 347, 566 A.2d 1374 (1989), appeal dismissed, 215 Conn. 614, 577 A.2d 717 (1990); *State* v. *Drouin,* 12 Conn. App. 101, 102 n.1, 529 A.2d 740 (1987). In this case, the specific basis for the violation of probation was conviction two, which was set aside by this court. The violation of probation charge, therefore, must also be set aside.

"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appel-

late courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 571, 499 A.2d 1158 (1985). We have also held, however, that where the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, it may be capable of repetition, yet evading review. Id., 572. In deciding whether to invoke this mitigating principle, we have considered not only the practical difficulties of timely judicial review but also (1) the public importance of the question presented; (2) the potential effect of the ruling on an ongoing program of the state's penal or civil system; and (3) the possibility of a similar effect on the plaintiff himself in the future. *Shays* v. *Local Grievance Committee,* supra, 572–73 . . . . *Moshier* v. *Goodnow,* 217 Conn. 303, 307, 586 A.2d 557 (1991)." (Internal quotation marks omitted.) *Perry* v. *Perry,* 222 Conn. 799, 803, 611 A.2d 400 (1992).

It is not necessary for the state to obtain a conviction in order to establish a violation of probation arising out of criminal conduct.[3] See *State* v. *Scott,* 31 Conn. App. 660, 663, 626 A.2d 817 (1993). Therefore, regardless of the result of the new trial ordered by this court on remand, the state may again charge the defendant with a violation of probation based on the conduct that led to conviction two.[4] The defendant's probationary

[3] "A revocation of probation proceeding based upon a violation of a criminal law need not be deferred until after a disposition of the charges underlying the arrest because the purpose of a probation revocation hearing is to determine whether a defendant's conduct constituted an act sufficient to support a revocation of probation; *Payne* v. *Robinson,* 10 Conn. App. 395, 523 A.2d 917 (1987) [aff'd, 207 Conn. 565, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988)] . . . ." *State* v. *Smith,* 18 Conn. App. 368, 370 n.1, 558 A.2d 257 (1989).

[4] A criminal conviction requires a standard of proof different from that required to prove a violation of probation. "The standard of proof to be applied by the trial court in deciding whether a probationer has violated a condition of probation is the reasonable satisfaction standard, wherein

period on conviction one will expire on October 15, 1994, and the defendant may again be faced with a revocation of that probation. We conclude that the appeal is not moot because it is capable of repetition and evades review.

Our Supreme Court has reached the merits under similar circumstances. See *Delevieleuse* v. *Manson,* 184 Conn. 434, 437, 439 A.2d 1055 (1981) (reviewing whether plaintiff was entitled to credit toward separate sentences for time in presentence custody even though plaintiff had completed his sentence); *Taylor* v. *Robinson,* 171 Conn. 691, 694, 372 A.2d 102 (1976) (reviewing whether inmates were entitled to bail pending the outcome of parole proceedings even though they had been paroled before appeals were heard).

The issue raised in the present case is analogous to the one decided in *Liistro* v. *Robinson,* 170 Conn. 116, 121–22, 365 A.2d 109 (1976). There, our Supreme Court reached the merits of two companion cases concerning whether equal protection required allowing bail for alleged parole violators awaiting revocation hearings even though the parties were no longer aggrieved.[5] Id.

the trial court must have a rational belief that the 'evidence is adequate or sufficient to prove a violation.' *State* v. *Davis,* 29 Conn. App. 801, 811, 618 A.2d 557 [cert. granted, 225 Conn. 918, 623 A.2d 1024] (1993)." *State* v. *Carey,* 30 Conn. App. 346, 350, 620 A.2d 201, cert. granted, 225 Conn. 922, 625 A.2d 823 (1993).

[5] "Despite the fact that neither plaintiff has an immediate interest in the outcome, we have decided to consider the defendants' appeals. The single issue involved is one which is capable of repetition, yet evading review. . . . It directly affects the ongoing parole program of the state's penal system, and could very well affect the plaintiffs who are now reparoled. Hence, practical relief can follow directly from our decision and 'the public importance of the question involved makes it desirable that we decide the point.' . . ." (Citations omitted; internal quotation marks omitted.) *Liistro* v. *Robinson,* 170 Conn. 116, 121–22, 365 A.2d 109 (1976).

The merits were reached even though it was the wardens, not the parolees, who brought the appeals. In so doing, the court focused on the possibility of repetition to the parolees, not the aggrieved parties, the wardens. This resembles the facts of the present case in which the state appeals.

As in *Liistro,* all of the required factors are present in this case. The public importance of a question concerning the constitutionality of a statute cannot be ignored. The state's ongoing home release and probation programs will be affected by our decision, as well as, potentially, the current system of plea bargaining. Finally, this defendant can plausibly maintain that there is a distinct likelihood that he will find himself facing a similar violation of probation charge in the future. This appeal, therefore, is not moot.

## II

The issue to be decided is whether the issuance of an arrest warrant during the probationary period of a sentence, based on conduct that occurred during the *custodial* portion of the sentence, can be the basis of proceedings under General Statutes § 53a-32. While the narrow issue presented is one of first impression in this state, there is guiding precedent on this general subject matter.

"Probation is the product of statute. See General Statutes § 53a-28 et seq." *State* v. *Smith,* 207 Conn. 152, 167, 540 A.2d 679 (1988). It commences upon the termination of the custodial portion of the sentence by operation of law. General Statutes § 53a-31 (a); *State* v. *Wright,* 24 Conn. App. 575, 579, 590 A.2d 486 (1991). "There is no doubt that the court may order probation and take it away. General Statutes §§ 53a-29 through 53a-34."[6] *State* v. *Carey,* 222 Conn. 299, 306, 610 A.2d 1147 (1992); see footnote 2. "Revocation [of probation] is a continuing consequence of the original conviction from which probation was granted." *State* v. *Smith,* supra, 178.

---

[6] General Statutes § 53a-28 (c) provides in pertinent part: "A sentence to a period of probation or conditional discharge in accordance with sections 53a-29 to 53a-34, inclusive, shall be deemed a revocable disposition, in that such sentence shall be tentative to the extent that it may be altered or revoked in accordance with said sections . . . ."

A defendant on probation is accorded certain rights. "No such revocation shall be ordered, except upon consideration of the whole record and unless such violation [of probation] is established by reliable and probative evidence." General Statutes § 53a-32 (b). " 'The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation.' " *State* v. *Davis,* 29 Conn. App. 801, 805, 618 A.2d 557 (1993), rev'd on other grounds, 229 Conn. 285, 641 A.2d 370 (1994). The defendant must be given notice and a hearing. General Statutes § 53a-32 (a).

"A revocation of probation hearing has two distinct components and two purposes. A factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. If a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served." *State* v. *Davis,* supra, 29 Conn. App. 805. The first step requires a factual finding and the second, the exercise of discretion. Id.

The state points to the federal system and asks that we look instead only to the general purposes of probation—to afford an opportunity for rehabilitation—when deciding whether probation should be revoked. The state argues that a defendant who commits another criminal offense after sentencing, but before the period of probation has commenced, demonstrates by his conduct that he may not be an appropriate candidate for probation. The original assessment that he is a "good risk" should be reviewed, in light of the fact that the possibility of rehabilitation may no longer exist.

While we might agree with the state's argument, it applies only to the second part of a revocation

hearing—the discretionary portion dealing with whether the beneficial aspects of probation are no longer effective. Before reaching that issue, the court is first required to find that a violation of probation has occurred. We cannot conclude that because a defendant may no longer seem receptive to the rehabilitative dimension of probation, as evidenced by the commission of a crime while in custody, that he has necessarily violated a condition of probation.

Consequently, we must address whether a violation of probation can occur under these circumstances—whether a violation of probation can occur before probation has begun. While we can turn to other states and to the federal system for guidance if needed, we must first look to our own statutory scheme. This area is governed by General Statutes § 53a-32 (a),[7] which provides in pertinent part: "At any time during the period of probation . . . the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation . . . ."

The state concedes that the defendant was still serving the custodial portion of his sentence when the events on which the violation of probation is predicated occurred. The state argues, however, that since the warrant for violation of probation was issued on November 12, 1991, *after* the commencement of the probationary period, the state has complied with § 53a-32 (a), requiring that the warrant issue "during the period of probation." We read the phrase "during the period of probation," however, to modify both when a warrant may issue and when a violation of any of the conditions of probation must occur.

Our interpretation is supported not only by the plain language of the statute, but also by the differences in

---

[7] See footnote 2.

status between a probationer and a prisoner on home release. "[T]he rights of an individual on supervised home release are unique in that they lie somewhere between those of a [probationer] and those of an incarcerated inmate . . . ." *State* v. *Whitfield,* 26 Conn. App. 103, 107, 599 A.2d 21 (1991). "As our Supreme Court pointed out, supervision of the home release participant continues to be vested in the department of correction, as it is for someone who is incarcerated. [*Asherman* v. *Meachum,* 213 Conn. 38, 48, 566 A.2d 663 (1989)]." *State* v. *Whitfield,* supra, 108. Conversely, a probationer is subject to judicial control and the court has the freedom to modify or enlarge the conditions of probation if necessary. *Liistro* v. *Robinson,* supra, 170 Conn. 128. The person on supervised home release is subject to special conditions of the program and to penalties[8] different from those of a probationer if he fails to comply.[9] Clearly, the situations of a prisoner on home release and a person on probation are different. The legislature has set out separate schemes of treatment with different consequences of not complying with the established conditions. It is in keeping with these schemes that a violation of probation cannot occur until the probationary period has begun.

Although proof of conviction alone may be sufficient to sustain a revocation of probation; *State* v. *Roberson,* 165 Conn. 73, 80, 327 A.2d 556 (1973); that proof must necessarily show that the accused is the person referred to in the conviction, and that the acts that constituted

---

[8] A person on home release who flees supervision may be charged with the separate crime of escape. *State* v. *Whitfield,* supra, 26 Conn. App. 108.

[9] We also note that the sentencing court will generally take into consideration the fact that commission of a crime occurred while on supervised home release. See, e.g., *State* v. *Adams,* Superior Court, judicial district of New Haven, Docket No. CR6-324958 (March 1, 1993). The sentencing court in this case was apprised of the circumstances surrounding the crime leading to conviction two, but again sentenced the defendant to a period of probation as well as to a period of incarceration.

the basis for that conviction occurred while that person was on probation. Our Supreme Court has commented, in affirming a trial court's revocation of probation, that "[h]ere the defendant, afforded a hearing and represented by counsel, admitted having been convicted of a felony and the admitted evidence showed that the *underlying act was committed by the defendant while on probation.*" (Emphasis added.) Id., 81. It is the probationer's conduct during the period of probation which must conform to the prescribed standard.

The judgment is affirmed.

In this opinion the other judges concurred.