STATE OF CONNECTICUT *v.* RUSSELL M. ROLLINS
(AC 17881)

O'Connell, C. J., and Lavery and Landau, Js.

Argued November 4—officially released January 12, 1999

*Gerald B. Gore,* for the appellant (defendant).

*Harry Weller,* senior assistant state's attorney, with whom, on the brief, were *James Thomas,* state's attorney, and *Anne Mahoney,* assistant state's attorney, for the appellee (state).

*Opinion*

LANDAU, J. The defendant, Russell M. Rollins, appeals from the judgment of the trial court revoking his probation pursuant to General Statutes (Rev. to 1995) § 53a-32[1] and committing him to the custody of the commissioner of correction for a period of three years. On appeal, the defendant claims that the trial court (1) improperly found that a condition of probation had been violated and (2) lacked sufficient evidence to

[1] General Statutes (Rev. to 1995) § 53a-32 (b) provides: "If such violation is established, the court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by reliable and probative evidence."

support its finding of a violation of probation.[2] We affirm the judgment of the trial court.

Certain facts adduced at the probation hearing are relevant to this appeal. The defendant was convicted on December 21, 1991, of assault of a peace officer in violation of General Statutes § 53a-167c and assault in the third degree in violation of General Statutes § 53a-61. On December 27, 1991, the trial court imposed a total effective sentence of three years, execution suspended, and five years probation. As a condition of probation, the defendant agreed, inter alia, to refrain from violating any criminal law of the state of Connecticut.

During the probation hearing, testimony was introduced that indicated that the defendant, while in the bathtub with the victim, his daughter, touched her "private part with his private part."[3] The victim reported the event to her grandmother. As a result, on August 24, 1995, the victim's grandmother brought her to a police station, where the victim repeated the allegation. The victim also informed a police officer that during the bath, the defendant had her stand up in the tub, place one foot in the soap dish built into the wall and the other foot on the other side of the tub and touched his penis to her vagina.

After taking the victim's statement, the police officer brought the victim and her grandmother to the emergency room of Saint Francis Hospital and Medical Center. An examination by Fred Berrien, a physician and an expert in treating child abuse victims, revealed that

---

[2] The defendant raises two claims that, when analyzed, reasonable people might classify as a sufficiency challenge. So as to err, however, if we do so at all, on the side of clarity and fairness, we accept the defendant's invitation and address both issues.

[3] The victim, who was three or four years old at the time of the incident and seven years old at the time of the hearing, described a "bad touch" as someone touching you in a "private part" and a person's "private part" as the part of the body used when he or she "goes to the bathroom."

the condition of the victim's hymen was consistent with blunt penetrating trauma and a history of sexual abuse, rather than with a bicycle or similar type of accident. The defendant was arrested on charges of first degree sexual assault and risk of injury to a child. Subsequently, as a result of the arrest, a warrant was issued based on a violation of probation. At that time, the defendant had completed all of the special conditions required by his probation.

On October 21, 1997, the trial court found that the state proved by a preponderance of the evidence that the defendant had committed a felony and therefore violated his probation. In so ruling, the trial court found that "the testimony taken as a whole establishes through probative and reliable evidence and by a fair preponderance of the evidence that the commission of a crime, to wit: a felony was committed by the defendant while on probation" and that the victim's testimony was credible. Accordingly, the trial court revoked the defendant's probation and ordered him to serve the suspended portion of his original sentence.[4] This appeal followed. On March 25, 1998, following a jury trial, the defendant was acquitted of the charges of sexual assault in the first degree and risk of injury to a child.[5]

"[U]nder § 53a-32, a probation revocation hearing has two distinct components. . . . The trial court must first conduct an adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation. . . . If the trial court determines that

---

[4] In addition, the trial court, after hearing argument and considering the evidence regarding the continued probation status of the defendant, found that the beneficial aspects of sentencing were not being served by the continued probation status of the defendant. The defendant does not question that portion of the trial court judgment regarding the second component of a probation revocation hearing in this appeal.

[5] Although there is no evidence of the acquittal in the record, the defendant's argument presented in his brief and at oral argument is that he was acquitted. The state's response, at oral argument, to the defendant's argument was based on the existence of the defendant's acquittal.

the evidence has established a violation of a condition of probation, then it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion. . . . [*State* v. *Treat*, 38 Conn. App. 762, 766–67, 664 A.2d 785, cert. denied, 235 Conn. 920, 665 A.2d 907 (1995)].

"To support a finding of probation violation, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation. *State* v. *Davis*, [229 Conn. 285, 302, 641 A.2d 370 (1994)]. In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . This court may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling . . . . *State* v. *Treat*, supra, 38 Conn. App. 769–70. A fact is more probable than not when it is supported by a fair preponderance of the evidence. *State* v. *Haggood*, 36 Conn. App. 753, [767–68], 653 A.2d 216, cert. denied, 233 Conn. 904, 657 A.2d 644 (1995)." (Internal quotation marks omitted.) *State* v. *Welch*, 40 Conn. App. 395, 400–401, 671 A.2d 379, cert. denied, 236 Conn. 918, 673 A.2d 1145 (1996).

## I

The defendant first claims that the trial court's factual finding that a condition of probation had been violated was clearly erroneous. Specifically, the defendant claims, in his brief and at oral argument, that he was entitled to an acquittal of the probation violation charge because he was eventually acquitted at trial.[6] We disagree.

As stated previously; see footnote 5; there is no evidence in the record that the defendant was acquitted. Furthermore, the factual circumstances here do not present a case in which the sole basis of the probation violation was a prior conviction rather than a finding by a preponderance of the evidence that there had been a probation violation. See *State* v. *Deptula*, 34 Conn. App. 1, 4, 639 A.2d 1049 (1994). Even if we assume, arguendo, that the defendant was in fact acquitted, the outcome of this case remains the same. In a criminal proceeding, substantive guilt must be established beyond a reasonable doubt; a probation violation need be proven only by a preponderance of the evidence. In *State* v. *Davis*, supra, 229 Conn. 295–96, our Supreme

---

[6] Moreover, the defendant's claim seems to be focused, by way of a semasiological argument, on the trial court's ruling that "the commission of a crime, to wit: a felony was committed by the defendant while on probation." In his brief, the defendant, while admitting that he was arrested for sexual assault and risk of injury to a child, contends that this fact alone was not enough to support a finding of a violation of a criminal law of this state. The defendant also states in his brief that "[t]he trial court's finding was not that [the defendant] either engaged in the conduct or committed the acts with which he was charged by a fair preponderance of the evidence. If it was, then possibly, perhaps, the October arrest charges could be said to support it. Instead, here, the trial court found that [the defendant] committed a crime, that he violated a criminal law of the state." The record is very clear that the trial court, by finding that the defendant committed the crime with which he was charged by a fair preponderance of the evidence, inferentially found that the defendant committed the conduct. Accordingly, this conduct violated state law and, thus, violated the conditions of his probation. To rule otherwise would be to raise form over substance.

Court, in agreement with the analogy that the conditions of probation that give rise to the charge are similar to a contract between the state and the defendant, concluded that a probation revocation proceeding is akin to a civil proceeding. Accordingly, the *Davis* court held that, under § 53a-32, a trial court may not find a violation of probation unless it finds that the predicate facts underlying the violation have been established by the state by a preponderance of the evidence at the hearing. Id., 295.

"A revocation of probation proceeding based upon a violation of a criminal law need not be deferred until after a disposition of the charges underlying the arrest because the purpose of a probation revocation hearing is to determine whether a defendant's conduct constituted an act sufficient to support a revocation of probation; *Payne* v. *Robinson*, 10 Conn. App. 395, 523 A.2d 917 (1987) [aff'd, 207 Conn. 565, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988)]; rather than whether the defendant had, beyond a reasonable doubt, violated a criminal law. The proof of the conduct at the hearing need not be sufficient to sustain a violation of a criminal law. Id., 402." *State* v. *Smith*, 18 Conn. App. 368, 370 n.1, 558 A.2d 257 (1989); see also *State* v. *Deptula*, supra, 34 Conn. App. 5 (state does not need criminal conviction to establish probation violation arising out of criminal conduct). "In a probation violation proceeding, all that is required is enough to satisfy the court within its sound judicial discretion that the probationer has not met the terms of his probation." *Payne* v. *Robinson*, supra, 403.

Applying the standard of review to the record before us, we conclude that on the basis of the evidence presented at the hearing, the trial court reasonably could have found, under the preponderance of the evidence standard, that the defendant violated his probation. According to his condition of probation, it was not

necessary that the defendant be convicted of a crime to have violated his probation. The trial court found that the probation violation stemmed from the defendant's engaging in the commission of a crime and thus violating a criminal law of the state of Connecticut. Such a finding was supported by the witness' testimony at the revocation hearing. We conclude, therefore, that the trial court did not abuse its discretion and that the finding of a violation of probation is not clearly erroneous.

## II

The defendant next claims that because the evidence of the alleged probation violation was insufficient, "the defendant is entitled to an acquittal of the allegation that he was in violation of probation." Specifically, the defendant's sufficiency argument is that the victim's testimony that she was sexually assaulted by her father, the defendant, together with the physician's confirmation that she had been sexually assaulted, does not rise to the appropriate level necessary to satisfy the state's burden of proof. In other words, the defendant's claim is that the trial court inappropriately chose to believe the victim and the physician. Again, we disagree.

The weight to be given the evidence and the credibility of witnesses are solely within the determination of the trier of fact. *State* v. *Scott*, 31 Conn. App. 660, 664, 626 A.2d 817 (1993). In the statutory probation hearing, the trial court acts as the trier of fact in making the findings as to whether the defendant has violated the terms of his probation. See *State* v. *Roberson*, 165 Conn. 73, 80–81, 327 A.2d 556 (1973). " 'If the record supports the trial court's finding that the defendant failed to comply with the conditions of his probation, the trial court then had the discretion to order a revocation of the probation.' " *State* v. *Scott*, supra, 664.

After a careful review of the record, we conclude that the state has met its burden. Specifically, a fair reading of the record, particularly the testimony of the victim and the physician, provides more than sufficient proof to determine, by a fair preponderance of the evidence, that the defendant engaged in the commission of the act and, as such, violated a condition of his probation. See *Payne* v. *Robinson*, supra, 10 Conn. App. 403 (finding of conviction or commission of act is sufficient to support revocation of probation).

The judgment is affirmed.

In this opinion the other judges concurred.