STATE OF CONNECTICUT *v.* WILLIAM ASKEW
(AC 17239)

O'Connell, C. J., and Foti and Sullivan, Js.

Argued March 3—officially released May 11, 1999

---

*Sarah F. Summons*, special public defender, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *John Connelly*, state's attorney, and *Terrence Mariani*, deputy assistant state's attorney, for the appellant (state).

*Opinion*

PER CURIAM. The defendant appeals from the trial court's judgment revoking his probation and committing him to the custody of the commissioner of correction to serve the suspended portion of his sentence. On appeal, the defendant claims that his state and federal constitutional rights to confrontation and cross-examination of witnesses were violated when a defense witness exercised his fifth amendment rights. In addition, the defendant claims that the trial court improperly considered his probation record. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. On March 20, 1991, the defendant was sentenced to the custody of the commissioner of correction for a term of ten years, suspended after five years with five years probation. On January 29, 1997, the defendant was charged with violation of probation as a result of another robbery conviction. At a probation violation hearing, the state produced the testimony of state's attorney John Connelly, probation officer Barry Schacht and David Rodriguez, one of the two robbery victims, and then rested. The defendant called Jose Rodriguez, the other victim of the crime, who refused to answer certain questions, asserting his privilege under the fifth amendment to the United States constitution. At the conclusion of the hearing, the trial court

found that the defendant had violated his probation and, as a consequence, revoked the suspension of his sentence.

It is the burden of the state to prove by a preponderance of the evidence that the defendant has violated the conditions of his probation. *State* v. *Rollins*, 51 Conn. App. 478, 484, 723 A.2d 817 (1999). The defendant does not dispute that the state sustained that burden with its three witnesses. The defendant argues, however, that his procedural due process rights were abrogated because he was unable to cross-examine a witness. The defendant makes a unique argument here because it was the defendant's own witness who claimed his fifth amendment privilege and refused to answer certain questions.

" 'The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process.' " *State* v . *Mastropetre*, 175 512, 520, 400 A.2d 276 (1978), quoting *Chambers* v. *Mississippi*, 410 U.S. 284, 294, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). "The sixth amendment to the [United States] constitution guarantees the right of an accused in a criminal prosecution '*to confront the witnesses against him* . . . .' *Pointer* v. *Texas*, 380 U.S. 400, 403, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965)." (Emphasis added.) *State* v. *Lubesky*, 195 Conn. 475, 481, 488 A.2d 1239 (1985). We are not furnished with any authority, nor are we aware of any, to reverse a case when a defendant is unable to obtain, from his own witnesses, the testimony that he wanted. The defendant's first claim has no merit.

The defendant also claims that the introduction of his probation records, through Schacht, constituted a

violation of the hearsay evidence rule. There are many rules of evidence on which we could rely in determining that this claim has no merit; one of them is that when hearsay evidence has been admitted without objection, the trier of fact can rely on that hearsay in proof of the matter stated therein for whatever it is worth on its face. *Sears* v. *Curtis*, 147 Conn. 311, 317, 160 A.2d 742 (1960). The defendant did not object to the admission of that evidence at the probation revocation hearing. Therefore, the evidence was properly before the court.

The judgment is affirmed.