## STATE OF CONNECTICUT *v.* WILLIAM MARTINEZ
## (AC 18429)

Landau, Hennessy and Dupont, Js.

Submitted on briefs May 26—officially released November 2, 1999

*Louis S. Avitabile,* special public defender, filed a brief for the appellant (defendant).

*John A. Connelly,* state's attorney, *Nancy L. Chupak,* deputy assistant state's attorney, and *Terence Mariani,* assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, William Martinez, appeals from the trial court's judgment revoking his probation and committing him to the custody of the commissioner of correction to serve the suspended portion of his sentence. On appeal, the defendant claims that the court improperly (1) found him in violation of probation when his probation officer did not comply with General Statutes § 54-108[1] and (2) failed to consider the probation officer's lack of compliance with § 54-108 in sentencing the defendant for his violation of probation. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. On September 13, 1995, the defendant pleaded guilty to possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a). The trial court sentenced him to seven years imprisonment, execution suspended, with five years probation. On September 19, 1997, the defendant was charged with violation of probation pursuant

---

[1] General Statutes § 54-108 provides in relevant part: "Probation officers shall investigate all cases referred to them for investigation by the director or by the court. They shall furnish to each person released under their supervision a written statement of the conditions of probation and shall instruct him regarding the same. They shall keep informed of his conduct and condition and use all suitable methods to aid and encourage him and to bring about improvement in his conduct and condition. . . ."

to General Statutes § 53a-32. The state alleged that the defendant (1) pleaded guilty to assault in the third degree in violation of General Statutes § 53a-61 on March 24, 1997, (2) was arrested and charged with interfering with an officer and resisting arrest in violation of General Statutes § 53a-167a, assault of a peace officer in violation of General Statutes § 53a-167c and illegally dispensing liquor without a permit in violation of General Statutes § 30-77 on May 17, 1997, and (3) was arrested and charged with assault in the second degree in violation of General Statutes § 53a-60 on August 3, 1997.

The trial court held a hearing on March 19, 25, and 26, 1998. At the close of the state's evidence, the defendant moved for judgment of acquittal and to dismiss for lack of a prima facie case pursuant to Practice Book § 15-8. The court denied the motions. Subsequently, the court found the defendant to be in violation of his probation, revoked his probation and sentenced him to the seven years that were originally suspended on the 1995 narcotics conviction. Additional facts will be discussed where relevant to the issues on appeal.

"An appellate court's review of an order revoking probation is to determine whether the trial court abused its discretion . . . and we must review the reasonableness of two findings: whether the defendant violated the conditions of probation, and whether he should be incarcerated because the rehabilitative purpose of probation cannot continue to be served." (Citation omitted.) *State* v. *Wright*, 24 Conn. App. 575, 579, 590 A.2d 486 (1991).

I

The defendant first claims that the trial court improperly found him in violation of his probation because there was no compliance with § 54-108 due to the probation officer's failure to provide the defendant with a

written statement of the conditions of probation and to keep informed of the defendant's conduct when the defendant was placed on inactive status.[2] Although the defendant knew that committing a crime "might be a problem," he did not know "which particular crimes would require a violation of probation." The defendant argues that due to his lack of knowledge and notice, the court either should have granted his motion for acquittal or dismissal at the close of the state's case or should have found no violation after hearing all the evidence. We disagree.

"To support a finding of probation violation, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation. . . . In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . This court may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling . . . . A fact is more probable than not when it is supported by a fair preponderance of the evidence." (Internal quotation marks omitted.) *State* v. *Rabell*, 53 Conn. App. 402, 404–405, 730 A.2d 1199, cert.

---

[2] We conclude that there is no merit to the defendant's claim regarding the probation officer's failure to keep informed of the defendant's conduct. The probation officer placed the defendant on calling status. The defendant was instructed to call if he was arrested or if his address or employment changed. The failure of the defendant to call the probation officer as instructed cannot be used to shift the blame to the probation officer for the defendant's violation of probation.

denied, 250 Conn. 923, 738 A.2d 661 (1999). It is the state's burden to prove by a preponderance of the evidence that the defendant has violated the conditions of his probation. *State* v. *Askew*, 53 Conn. App. 236, 238, 729 A.2d 238 (1999).

In this case, the trial court found that the defendant violated his probation on May 17 and August 3, 1997, because he engaged in criminal activity in violation of the conditions of his probation. The defendant, however, does not argue that the state failed to prove by a preponderance of the evidence that he violated the conditions of his probation or that the court's finding was clearly erroneous. Instead, the defendant's claim is that the court should have excused his violation of probation because of the probation officer's failure to comply with § 54-108.

In *State* v. *White*, 169 Conn. 223, 237, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975), the defendant argued that the trial court's failure to deliver a written copy of the conditions of probation to him, pursuant to General Statutes § 53a-30 (a),[3] invalidated the revocation of his probation. Our Supreme Court concluded that the claim was without merit because the statute does not provide a penalty for the failure of the court to deliver to the defendant a copy of the probation conditions and because the defendant did not claim that he was unaware that if he violated the relevant condition, his probation would be subject to revocation. Id., 238. The *White* court concluded that the statute was directory and that "it would make a mockery of the statute to say failure to deliver standard conditions of probation renders probation invalid under the facts of this case." Id.

---

[3] General Statutes § 53a-30 (a) provides in relevant part: "The court shall cause a copy of any such order to be delivered to the defendant and to the probation officer, if any."

Section 54-108 provides in relevant part that probation officers "shall furnish to each person released under their supervision a written statement of the conditions of probation and shall instruct him regarding the same. . . ." Section 54-108 does not provide a remedy for the failure of the probation officer to comply with the statute. The defendant admitted that he knew that he should not commit a crime or be arrested while on probation. He also admitted that he knew that if he was arrested, there could be a "problem" with his probation. As in *White*, we conclude that § 54-108 is directory and not mandatory, and that violation of the statute by the probation officer does not excuse the defendant from the requirement that he not violate a condition of probation.

In addition, this court indicated in *State* v. *Scott*, 31 Conn. App. 660, 667, 626 A.2d 817 (1993), that "§ 54-108 does not require that the defendant's signature be on the conditions of probation, but *only that the defendant be advised as to the conditions of his probation.*" (Emphasis added.) We further conclude, therefore, that, as long as the probation officer advised the defendant of the conditions of his probation and the consequences of violating those conditions, the probation officer complied with the requirements of § 54-108.

In this case, the probation officer testified that on October 5, 1995, he reviewed the conditions of probation with the defendant, including the condition that he not be arrested and that if the defendant was arrested, the defendant must contact him. The probation officer also indicated to the defendant that "if you get arrested you face a violation of probation."

The defendant testified that he did not recall the probation officer telling him about the conditions of his probation. He testified, however, that he knew that being arrested or committing a crime might cause a

problem with his probation. He also testified that the probation officer instructed him to call if something happened. He testified that he knew he was not supposed to commit any crimes while on probation, and that if he was arrested he was to inform his probation officer.

The trial court indicated that "what this violation of probation comes down to is the credibility of the witnesses . . . ." The court indicated that it did not find the defendant's testimony credible. "It is the sole province of the trial court to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Internal quotation marks omitted.) *Beede* v. *Beede*, 186 Conn. 191, 195, 440 A.2d 283 (1982).

Under the circumstances of this case, we conclude that the probation officer complied with the mandates of § 54-108. "Absent a showing to the contrary, a probationer is chargeable with knowledge that a breach of any condition may well result in revocation and serving the suspended sentence." *State* v. *Smith*, 207 Conn. 152, 172, 540 A.2d 679 (1988). Accordingly, we conclude that the court did not abuse its discretion by not excusing the defendant from his probation violation.

## II

The defendant also argues that if the remedy is not dismissal or acquittal, the trial court should have considered the probation officer's violation of § 54-108 in the sentencing phase of the violation of probation hearing. The defendant argues that the court did not consider the probation officer's violation of § 54-108 and did not consider the whole record, as required, when determining whether to revoke his probation. We disagree.

"[A] probation revocation hearing has two distinct components. . . . The trial court must first conduct an

adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation. . . . If the trial court determines that the evidence has established a violation of a condition of probation, then it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Daniels*, 248 Conn. 64, 72, 726 A.2d 520 (1999) (en banc).

Because we concluded in part I of this opinion that the probation officer complied with § 54-108, the trial court need not have considered this issue. We note, however, that the court stated that the defendant had been arrested three times in about three years and that he "[has] never taken the issue of probation seriously." The court stated that this was "a contradiction of what probation is for." The court further stated that "probation no longer serves a worthful purpose" for the defendant. Under these circumstances, we conclude that the court did not abuse its discretion in revoking the defendant's probation and ordering him serve the suspended portion of his sentence.

The judgment is affirmed.

In this opinion the other judges concurred.