[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. Statement of the Case
The defendant, Lisa Ellen Saucier, has filed a Motion to Dismiss, pursuant to P.B. § 41-8, requesting that the arrest warrant alleging that the defendant violated her probation, be dismissed. In support of her motion, defendant has made three claims: first, that her probation expired on or about September 23, 1998 and therefore the court lacks the authority to act on a Violation of Probation; second that the probation officer did not adequately supervise her by failing to specify a payment schedule to complete her restitution; and third that the arrest warrant itself is not supported by probable cause in that it does not allege that defendant paid any less toward her restitution than she could afford.
Statement of the Facts
On December 4, 1992, the defendant was sentenced to ten years, execution suspended after 3 years; probation of five years for the charge of Larceny in the 1st Degree. The pertinent condition of her probation was that she pay restitution in the amount of $8,450.00. Defendant was incarcerated, and according to her oral argument, she was released on CT Page 6449 "supervised home release" on December 22, 1992. She remained on "supervised home release" through and until March 7, 1995. On March 7, 1995, defendant was released from the custody of the Department of Correction. On March 29, 1995, the defendant signed and agreed to abide by the conditions of her probation. The defendant was advised by her probation officer throughout 1998 and 1999 that the payments she was making toward her restitution would be insufficient to pay satisfy her restitution obligation before the end of her probationary period. Defendant was advised by the probation officer on February 28, 2000 that based on the outstanding balance on her restitution account, he would have to have her brought back to court on a Violation of Probation warrant. On March 2, 2000 the probation officer made application via sworn affidavit for an arrest warrant for the defendant, Lisa Ellen Saucier. On March 3, 2000, this court made the determination that probable cause existed that the defendant had committed an offense, i.e. violated her probation, and issued an arrest warrant for the defendant, Lisa Ellen Saucier.
II. Conclusions of Law
Defendant's first claim, that the court is without authority to act because defendant's probation had already expired is without merit. As a matter of law, if the court did find that the defendant's probation had expired, the defendant is correct, this court would be powerless to act on a claimed Violation of Probation. C.G.S. § 53a-32 (a), State v.Deptula, 34 Conn. App. 1, 639 A.2d 1049 (1994). However, the defendant's reliance on State v. McPharland, 36 Conn. App. 440, 651 A.2d 285 (1994) is misplaced. Defendant, at the time stated by counsel as her "release date" of September 23, 1999, was on "supervised home release" according to Department of Correction records. Probation does not begin until after a defendant is "released" from the custody of the Department of Correction. C.G.S. § 53a-31. While on "supervised home release", the defendant remained under the direction and supervision of the Department of Correction. Asherman v. Meachum, 213 Conn. 38, 566 A.2d 663 (1989),State v. McFarland, 36 Conn. App. 440, 651 A.2d 285 at 445 (1994). Although the defendant was no longer incarcerated, she remained under the direction and supervision of the Department of Correction until March 7, 1995. Accordingly the defendant's probation did not commence until March 7, 1995. Based on this legal conclusion, defendant's probation would not have terminated, if at all, until March 7, 2000. A warrant was issued on March 3, 2000, alleging a violation of probation. The termination of defendant's probation is therefore tolled until such time as a final determination can be made on the violation of probation. C.G.S. § 53a-31
(b). Therefore, this court finds that defendant's probation had not yet terminated as of March 3, 2000, the date of the arrest warrant, and as to this ground defendant's Motion to Dismiss is denied. CT Page 6450
As to the defendant's remaining claims, 1) that the probation officer did not adequately supervise her payments, and 2) that the arrest warrant lacked probable cause for the arrest of the defendant, this court did not realize during the oral argument it was the judge who signed the arrest warrant. Pursuant to Practice Book Section 41-17:
 A judicial authority who signed any warrant or order for the seizure of property, testimony or evidence after the interception of any communications shall not preside at any hearing on a motion made pertaining to such warrant or order.
For the foregoing reasons, defendant's motion is DENIED pertaining to the first claim that the probation had expired before the warrant issued. As to the other claims, another Court will have to decide the issues.
 ___________________, J. Clifford