## STATE OF CONNECTICUT *v.* DAVID P.*

Superior Court, Geographical Area No. 20 at Norwalk
File Nos. CV-04-0105103, MV-04-440625

Memorandum filed September 1, 2006

KEEGAN, J. By way of an oral motion, the plaintiff, the state, asks the court to terminate the accelerated rehabilitation program of the defendant, David P., which was granted on the listed docket numbers. The defendant objects and moves the court to dismiss the case, pursuant to General Statutes § 54-56e. The defendant has submitted a brief dated July 21, 2006, and argument was heard by the court on July 31, 2006.

The defendant was granted the benefit of the accelerated rehabilitation program on August 4, 2004, by the court, *Jennings, J.*, and the matter was continued to March 1, 2006, for completion of the program. In addition to the normal conditions of probation, the defendant was ordered to perform fifty hours of community service and participate in anger management classes.

---

* In accordance with the spirit and intent of General Statutes § 54-142a, the name of the party and the names of counsel in this matter are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Superior Court.

The defendant did complete the special conditions of his accelerated rehabilitation. The question is whether he complied with the regular conditions of probation, namely, to refrain from violating any criminal laws of the United States, this state or any other state, as required by General Statutes § 53a-30.

The charges for which the defendant received accelerated rehabilitation[1] occurred on June 16, 2004. He was arraigned on June 25, 2004, applied for accelerated rehabilitation on August 4, 2004, and was granted entry into the program on September 1, 2004.

"The only right that the defendant may earn under the accelerated rehabilitation statute is the right to a dismissal of the charge[s] against him, a right that is expressly conditioned on satisfactory completion of the period of probation." *State* v. *Parker*, 194 Conn. 650, 658, 485 A.2d 139 (1984). A person who has been given the accelerated rehabilitation program is required to comply with the general conditions of probation, as set forth in § 53a-30. *State* v. *Trahan*, 45 Conn. App. 722, 735, 697 A.2d 1153, cert. denied, 243 Conn. 924, 701 A.2d 660 (1997). One of the general conditions of probation is that a person not violate any criminal law of the United States, this state or any other state. General Statutes § 53a-30.

The basis for the state's argument for termination from the program is that on May 16, 2005, during the period of accelerated rehabilitation, the defendant pleaded guilty to a charge of evading responsibility, which violated the proscription of § 53a-30.

---

[1] The charges include operation of a motor vehicle with intent to harass or intimidate in violation of General Statutes § 14-240a, operating a motor vehicle with a suspended license in violation of General Statutes § 14-215, operating an unregistered motor vehicle in violation of General Statutes § 14-12a, reckless driving in violation of General Statutes § 14-222, breach of the peace in violation of General Statutes § 53a-181 and interfering with an officer in violation of General Statutes § 53a-167a.

The defendant's actions constituting the evading responsibility charge occurred on August 9, 2004, at a time which came after his application for the program and before the program was granted. Although the conviction unquestionably occurred during the period of accelerated rehabilitation, the court must consider the date on which the conduct occurred. Accelerated rehabilitation is a form of pretrial probation and, as such, the cases of our Appellate Court and Supreme Court regarding probation are instructive. In *State* v. *Deptula*, 34 Conn. App. 1, 639 A.2d 1049 (1994), the Appellate Court examined the issue of whether conduct that occurs after the date of conviction but prior to the period of probation may constitute the basis for a charge of violation of probation. The court examined the differing schemes of treatment for those individuals convicted of offenses but not incarcerated and concluded that a violation of probation occurs when the probationer's criminal conduct arises during the period of probation. Because accelerated rehabilitation is a pretrial form of probation, this court finds the reasoning of *Deptula* to be instructive. The basis of this defendant's conduct occurred before he was placed on accelerated rehabilitation.

The defendant's motion to dismiss is granted.