STATE OF CONNECTICUT *v.* GALEN J. CYR
(AC 18807)

Foti, Hennessy and Daly, Js.

744

Argued February 23—officially released May 23, 2000

*Robert A. Lacobelle,* for the appellant (defendant).

*Marjorie Allen Dauster,* assistant state's attorney, with whom, on the brief, were *Patricia A. Swords,* state's attorney, and *Elizabeth C. Leaming,* assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Galen J. Cyr, appeals from the judgment of the trial court revoking his probation pursuant to General Statutes (Rev. to 1997) § 53a-32,[1]

---

[1] General Statutes (Rev. to 1997) § 53a-32 (b) provides: "If such violation is established, the court may: (1) Continue the sentence of probation or conditional discharge; (2) modify or enlarge the conditions of probation or conditional discharge; (3) extend the period of probation or conditional discharge, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29; or (4) revoke the sentence of probation or conditional discharge. If such sentence is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by the introduction of reliable and probative evidence and by a preponderance of the evidence."

and from the denial of his motions to correct an illegal sentence and to open the judgment of violation of probation. On appeal, the defendant claims that the court improperly (1) imposed an unauthorized condition of probation and (2) found that he violated his probation and sentenced him to a term of incarceration. We affirm the judgment of the trial court.

The court reasonably could have found the following facts. On September 27, 1997, the defendant entered pleas of guilty[2] to two counts of risk of injury to a child in violation of General Statutes § 53-21 and one count of prostitution in violation of General Statutes § 53a-82. He was sentenced by the court, *Zarella, J.*, pursuant to an agreement, to a total effective sentence of five years, execution suspended, with five years of probation. There were three specific conditions of probation. The defendant was (1) to have no contact with the victims, (2) to cooperate with any evaluation and treatment, including sex offender treatment, deemed necessary by the office of adult probation and (3) to have no unsupervised contact with any boys younger than sixteen years of age.

Supervision of the defendant was assigned to a probation officer with eleven years experience and specialized training for treatment of sex offender cases. After meeting with the defendant and explaining the conditions of probation, the probation officer referred the defendant for a sexual offender treatment evaluation for the purpose of determining whether he would be eligible and benefit from sexual offender treatment. When it was deemed necessary, the defendant was referred and ordered to participate in an authorized sexual offender treatment program. When he failed to comply with the court-ordered special condition, he

---

[2] The pleas were entered under the *Alford* doctrine. *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

was charged with violation of probation. Following a hearing, the court, *T. Sullivan, J.*, found that the defendant wilfully had failed to comply with that special condition of probation, and revoked his probation and sentenced him to serve two years of the original sentence.

I

The defendant first claims that "the trial court lacked the jurisdiction or authority to include a condition for sexual treatment as a probation condition for the defendant's conduct and that that portion of his sentence was illegal and, [therefore] his failure or inability to secure that treatment to the satisfaction of the probation officer could not legally sustain a violation of his probation."

The defendant argues that because General Statutes (Rev. to 1997) § 53a-30 (a) (11), now (12),[3] does not include § 53-21 (1) as an enumerated offense for which express authority is given to the court to impose specialized sexual offender treatment as a condition of probation, the court was without authority to do so. The court disagreed, as do we, and determined that under the broad authority of General Statutes (Rev. to 1997) § 53a-30 (a) (12), now (13),[4] it legally could impose a condition of specialized sexual offender treatment when it determines that such treatment is reasonably related to rehabilitation of the defendant.[5]

---

[3] General Statutes (Rev. to 1997) § 53a-30 (a) provides in relevant part: "When imposing sentence of probation or conditional discharge, the court may, as a condition of the sentence, order that the defendant . . . (11) if convicted of a violation of subdivision (2) of section 53-21, section 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a or 53a-72b, undergo specialized sexual offender treatment . . . ."

[4] General Statutes (Rev. to 1997) § 53a-30 (a) provides in relevant part: "When imposing sentence of probation or conditional discharge, the court may, as a condition of the sentence, order that the defendant . . . (12) satisfy any other conditions reasonably related to his rehabilitation. . . ."

[5] Generally, "in determining whether a condition of probation [is proper], a reviewing court should evaluate the condition imposed under our Adult

Statutory construction is a matter of law and therefore subject to plenary review on appeal. *State* v. *Burns*, 236 Conn. 18, 22, 670 A.2d 851 (1996). When we interpret a statute, our fundamental objective is to give effect to the apparent intent of the legislature, and in doing so we interpret statutory language in light of the purpose and policy behind the enactment. *Skakel* v. *Benedict*, 54 Conn. App. 663, 678, 738 A.2d 170 (1999). "We first look to the language of the statute and to the general goals of probation in order to discern the intent of the legislature . . . ." *State* v. *Pieger*, 240 Conn. 639, 646, 692 A.2d 1273 (1997). Probation is a penal alternative to incarceration, and its objectives are to foster the offender's reformation and to preserve the public's safety. Id., 647. A probation officer shall use all suitable methods to aid and encourage a probationer, and to bring about improvements in his or her conduct and condition. *State* v. *Misiorski*, 250 Conn. 280, 288, 738 A.2d 595 (1999). In discerning the intent of the legislature, we view these general goals of probation, and conclude that the trial court has the broad authority and flexibility to impose conditions to reach the desired ends.

General Statutes (Rev. to 1997) § 53a-30 (a) (11), now (12), the only provision specifically authorizing specialized sexual offender treatment, does not list the offense for which the defendant was convicted. General Statutes (Rev. to 1997) § 53a-30 (a) (12), now (13), however, grants the court broad authority to impose "any other conditions reasonably related to [the probationer's] rehabilitation." The broad authority to impose condi-

Probation Act in the following context: The conditions must be reasonably related to the purposes of the [Probation] Act. Consideration of three factors is required to determine whether a reasonable relationship exists: (1) the purposes sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded to probationers; and (3) the legitimate needs of law enforcement." (Internal quotation marks omitted.) *State* v. *Smith*, 207 Conn. 152, 170, 540 A.2d 679 (1988).

tions of probation in subdivision (12), now (13), gives the court, in its discretion, the authority to do what it deems reasonably necessary to rehabilitate the probationer and to protect prospective victims of such probationers.

The court noted that "[d]uring the second phase of the violation of probation hearing, this court reviewed the facts alleged in the risk of impairing morals of a child charges and concluded that given the sexual nature and circumstances of the crimes for which the defendant was on probation, and the fact that the victims were children, the sexual offender evaluation and treatment condition imposed by the sentencing court was reasonable, justified and clearly related to the defendant's rehabilitative needs and the protection of society. Indeed, it was even more apparent to this court after considering and weighing the evidence produced during the hearing that the defendant's participation in a sexual offender treatment program was an important component of his rehabilitation, given the nature of the crimes and the attitude and lack of insight of the defendant."

We conclude that the sexual offender treatment condition imposed by the sentencing court was authorized pursuant to General Statutes (Rev. to 1997) § 53a-30 (a) (12), now (13), regardless of the fact that the crimes for which the defendant was convicted did not fall within the purview of General Statutes (Rev. to 1997) § 53a-30 (a) (11), now (12).

II

The defendant next claims that the court improperly found him to be in violation of the terms of his probation and ordered him incarcerated for two years. He alleges that the court committed abuses of discretion and "suggests that he was the recipient of unanticipated and unintentional prejudice [as a result of] the fact that the trial judge for the violation of probation proceeding was

different from the trial judge at the original [sentencing] and additionally, to a lesser extent, [as a result of] the fact that he was represented by a different attorney at each of those separate proceedings." The defendant argues that the court should not have found him to be in violation of his probation and, even if it did so find, it should have considered ordering him into a "recently started denials group for therapy" instead of incarceration. We find the defendant's claims to be without merit.

"[U]nder § 53a-32, a probation revocation hearing has two distinct components. . . . The trial court must first conduct an adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation. At such hearing the defendant shall be informed of the manner in which he is alleged to have violated the conditions of his probation or conditional discharge . . . and shall have the right to cross-examine witnesses and to present evidence in his own behalf. . . . If the trial court determines that the evidence has established a violation of a condition of probation, then it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Davis*, 229 Conn. 285, 289–90, 641 A.2d 370 (1994).

The defendant claims that he was found to be in violation of his probation solely because he refused to admit to intentionally committing the acts for which he

entered the pleas of guilty.[6] The court found, however, that the treatment contract had no requirement that the defendant admit that he intentionally committed the acts. In addition to refusing to sign the required contract, the defendant failed to get the specialized sexual offender treatment and indicated his desire to reinstate contact with one of the child victims. The court concluded that the defendant had violated the conditions of his probation, stating: "I find that the condition of probation, which was imposed by the court based upon the facts and circumstances of this case, was a reasonable and rational condition. It was an essential and integral component of his rehabilitative program." The defendant wilfully failed to enroll in specialized sexual offender treatment as required. "In a probation violation proceeding, all that is required is enough to satisfy the court within its sound judicial discretion that the probationer has not met the terms of his probation." (Internal quotation marks omitted.) *State* v. *Rollins*, 51 Conn. App. 478, 484, 723 A.2d 817 (1999). The court, therefore, properly terminated the defendant's probation and did not abuse its discretion.

The defendant also claims that the court, in sentencing him to incarceration, improperly failed to order him to attend a recently started denials group for therapy. The record does not show that the defendant was eligible for such a group or even that such a group was accepted by the probation office.

In determining whether the defendant's probationary status should be revoked and whether the original sentence should be reinstated with an order of incarceration, the court is vested with broad discretion. See *State*

---

[6] The record contains the court's memorandum of decision on its denial of the defendant's motions to open and to correct an illegal sentence. The defendant, however, did not furnish a transcript of the court's findings at the violation of probation hearing signed by the judge. See Practice Book § 64-1 (a).

v. *Smith*, 207 Conn. 152, 167, 540 A.2d 679 (1988). In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling; reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. *State* v. *Bostwick*, 52 Conn. App. 557, 563–64, 728 A.2d 10, appeal dismissed, 251 Conn. 117, 740 A.2d 381 (1999). We cannot conclude that the court abused its discretion in revoking the defendant's probation and sentencing him to incarceration.

The judgment is affirmed.

In this opinion the other judges concurred.