[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a violation of probation proceeding. The defendant, Stanley Dubrel, contests the violation; his main contention is that the condition of probation he allegedly violated was illegally imposed.
The State and Dubrel have stipulated to the following:
 STIPULATION
The Plaintiff, State of Connecticut, and the Defendant, Stanley Dubrel stipulate to the following facts.
1. Stanley Dubrel was born January 8, 1974.
2. On 11/16/1990 Stanley Dubrel, aka Dziadul was convicted (without trial) of Sexual Assault 2d and sentenced to 5 years, ESA 2 years, probation 3 years. The special conditions were 1) psychiatric evaluation and treatment, 2) no contact with the victim. The accused was 16 and the victim was 13 years of age. Force was alleged and denied. No trial was held.
3. On 11/16/1994 he was found guilty of violating probation and sentenced to 3 years ESA and probation through 6/30/96 with the same special conditions as above.
4. On 7/10/1996 he was convicted for breach of peace (53a-181), with 30 day jail (concurrent) and violation of probation (53a-32) for the above. CT Page 10048
5. Probation for all of the above was terminated on 6/30/96.
6. On February 4, 1998 Stanley Dubrel was convicted for Carrying a Dangerous Weapon (53-206 (a)) and sentenced to 1 year, suspended, with 2 years probation. No special conditions were attached by the court. The underlying facts of this charge had nothing to do with sex, abuse, or threatening.
7. On or about June 1999 the Probation Department notified Stanley Dubrel that they were attaching a special condition, that he must undergo sexual offender evaluation and treatment and could not reside with children under the age of 16.
8. On July 21, 1999 the probation department was notified by Stanley Dubrel's Attorney (the undersigned) that such post sentencing conditions exceeded the probation departments [sic] authority and that he declined to accept them as legal conditions without testing their legality in court.
9. On or about September, 1999, the probation department charged Stanley Dubrel with Violation of Probation (53a-32) for failure to meet those special conditions sated (sic] above.
10. The State and the Defense have agreed that these are the pertinent underlying facts for the court to determine if the special conditions required by the Probation Department exceed their authority under 53a-29, et seq.
 Stipulation, April 27, 2000
Key to resolution of this case is C.G.S. § 53a-30 which provides:
Sec. 53a-30. Conditions of probation and conditional discharge.
(a) When imposing sentence of probation or conditional discharge, the court may, as a condition of the sentence, order that the defendant: (1) Work faithfully at a suitable employment or faithfully pursue a course of study or of vocational training that will equip him for suitable employment; (2) undergo medical or psychiatric treatment and remain in a specified institution, when required for that purpose; (3) support his dependents and meet other family obligations; (4) make restitution of the fruits of his offense or make restitution, in an amount he CT Page 10049 can afford to pay or provide in a suitable manner, for the loss or damage caused thereby and the court may fix the amount thereof and the manner of performance; (5) if a minor, (A) reside with his parents or in a suitable foster home, (B) attend school, and (C) contribute to his own support in any home or foster home; (6) post a bond or other security for the performance of any or all conditions imposed; (7) refrain from violating any criminal law of the United States, this state or any other state; (8) if convicted of a misdemeanor or a felony, other than a capital felony, a class A felony or a violation of section 21a-278, 21a-278a, 53a-55, 53a-56, 53a-56b, 53a-57, 53a-58 or 53a-70b or any offense for which there is a mandatory minimum sentence which may not be suspended or reduced by the court, and any sentence of imprisonment is suspended, participate in an alternate incarceration program; (9) reside in a residential community center or halfway house approved by the Commissioner of Correction, and contribute to the cost incident to such residence; (10) participate in a program of community service labor in accordance with section 53a-39c; (11) participate in a program of community service in accordance with section 51-181c; (12) if convicted of a violation of subdivision (2) of section 53-21, section 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a or 53a-72b, undergo specialized sexual offender treatment; (13) satisfy any other conditions reasonably related to his rehabilitation. The court shall cause a copy of any such order to be delivered to the defendant and to the probation officer, if any.
 (b) When a defendant has been sentenced to a period of probation, the Office of Adult Probation may require that the defendant comply with any or all conditions which the court could have imposed under subsection (a) which are not inconsistent with any condition actually imposed by the court.
(c) At any time during the period of probation or conditional discharge, after hearing and for good cause shown, the court may modify or enlarge the conditions, whether originally imposed by the court under this section or otherwise, and may extend the period, provided the original period with any extensions shall CT Page 10050 not exceed the periods authorized by section 53a-29. The court shall cause a copy of any such order to be delivered to the defendant and to the probation officer, if any.
 (d) The period of participation in an alternate incarceration program, unless terminated sooner, shall not exceed the period of probation authorized by section 53a-29 or two years, whichever is less. C.G.S. § 53a-104.
 C.G.S. § 53a-30
From the stipulation, it is clear the defendant was found guilty of and sentenced for carrying a dangerous weapon in violation of § 53-206
(a). Stipulation, ¶ 6. The date of the offense is not known to the court. The sentence was imposed on February 4, 1998. Stipulation, ¶ 6.
It is significant that "the underlying facts of [the carrying a dangerous weapon] charge had nothing to do with sex, abuse, or threatening." Stipulation, ¶ 6. of equal significance is the fact that the probation imposed in the 1990 sentence for sexual assault in the second degree ended on June 30, 1996. Stipulation, ¶ 5.
The court recognizes the adult probation department can impose any condition that a court could. C.G.S. § 53a-30 (b). The question here is whether this court could have imposed sexual offender treatment as a condition in a sentence imposed for carrying a dangerous weapon, a violation of C.G.S. § 53a-206 (a), and which "had nothing to do with sex, abuse, or threatening." Stipulation, ¶ 6.
Subsection (12) is the statutory origin and seeming sole statutory authority for sex offender treatment as a condition of probation; it expressly limits sex offender treatment to "convicted of a violation of subdivision (2) of section 53-21, section 53a-70, 53a-70a, 53a-70b, 53a-71,53a-72a or 53a-72b," those seven enumerated statutes defining serious sex felonies. Despite various rules of statutory construction which seem to compel a different conclusion, the Appellate Court has held that the provisions of subsection (13), "satisfy any other conditions reasonably related to his rehabilitation," trump the express limitations of subsection (12). State v. Cyr, 57 Conn. App. 743, 747-748 (May 23, 2000); certification denied, 254 Conn. 904 (July 13, 2000). The State apparently reads Cyr as permitting imposition of sex offender treatment as a condition of probation without regard to the offense(s) for which the sentence of probation is imposed. CT Page 10051
The case law is replete with iterations of the purpose of probation. Prominent in these is the are the words "rehabilitation" and "reformation." According to the State, a condition of sex offender treatment could be imposed to implement defendant's rehabilitation and reformation for carrying a dangerous weapon even thought that charge "had nothing to do with sex, abuse, or threatening."
The factual record is the stipulation alone. The court is confined to that stipulation. There is no indication in the stipulation/record that the defendant needs sex offender treatment or reformation is in order for any conduct or proclivities of a sexual nature. While the court has not found any explicit appellate holding that sex offender treatment can only be imposed as a condition of probation where the underlying offense is a sex offense or arises from sexual conduct, the court infers from the case law that a condition of probation must have a rehabilitative or reformative nexus to the underlying crime.
In State v. Pieger, 240 Conn. 639 (1997), the defendant was convicted of evading responsibility. He had been involved in an automobile accident. A victim had been hit and seriously injured. The victim's medical expenses exceeded $1,000,000 as of the time of sentencing; further expenses were inevitable. The victim had been hospitalized at the New Britain Hospital for more than a year as a result the accident. As a condition of his probation, defendant was ordered to make a $2,500 contribution to the New Britain Hospital. The defendant appealed the imposition of the contribution condition. The Appellate Court affirmed (One judge dissenting). 42 Conn. App. 460 (1996). The Supreme Court granted certification to decide "if the trial court abused its discretion when, as part of the defendant's sentence, it imposed as a condition of probation that the defendant make a charitable donation to the hospital where the victim had been treated after being struck and seriously injured by the defendant's motor vehicle." State v. Pieger, 240 Conn. 639,640-641 (1997). The Supreme Court upheld the imposition of the condition observing that the "terms of subsection [(13)] are very broad." Id., 646.
Germane to this case is the court's discussion of the relationship between the condition and the criminal conduct leading to the sentence. The court stated: "If it appears that the trial court reasonably was satisfied that the terms of probation had a beneficial purpose consistent with the defendant's reformation and rehabilitation, then the order must stand. Id., 648.
In discussing the condition imposing the contribution to the hospital, the court stated: CT Page 10052
 "In this case, requiring the defendant to make a donation to the hospital that had provided most of the victim's treatment was more rehabilitative than requiring the defendant to pay a fine because the donation had a direct relationship to the accident and the injuries, thereby advancing the rehabilitative purpose of making the defendant accept his responsibility for the accident. Other jurisdictions have upheld conditions requiring monetary payments that were not explicitly authorized by statute when those conditions shared a nexus with the defendant's crime. . . . We conclude that as long as the condition requiring monetary payment shares a nexus with the defendant's crime, as in this case, it is reasonably related to rehabilitation." [Footnote omitted.] 240 Conn. 650 (1997).
The court takes Pieger as implying that the condition, the $2,500 payment to the treating hospital, must share a nexus with the defendant's crime, the evading of responsibility for the accident he caused. The condition of probation must share a reasonable nexus with the crime and/or criminal conduct underlying the probation sentence.
Similarly, in State v. Smith, 207 Conn. 152 (1988), the Supreme Court approved the imposition of a probation condition which was related to the defendant's crime. There, the defendant was found guilty of robbery in the first degree, C.G.S. § 53a-134 (a)(2). "The presentence investigation report at that time indicated that the defendant had a problem with drugs and that he had committed the robbery to obtain money for drugs." Id., 154. He was sentenced to five years in prison with execution to be suspended after eighteen months with three years probation. No special conditions of probation were imposed at the sentencing.
Later, while serving his probation, his probation officer sought a modification of the conditions to include urinalysis testing and cooperation with a drug treatment program. After a contested hearing, court entered a modification ordering defendant to "`submit himself to body fluid examination from time to time . . . [and] that if the probation department orders drug counseling, both either in or out patient is deemed appropriate, [that] shall be added as a second condition.'" Id., 156. The defendant appealed claiming the court could not impose these conditions well after his original sentencing and that the conditions were improper. The Supreme Court rejected these claims noting the relationship between the conditions and the criminal conduct CT Page 10053 underlying the sentence.
 "It is simply unreasonable for this defendant, found guilty of robbery in the first degree intended to generate money to pay for drugs for himself, to believe that if, during the ongoing contact with his probation officer, the use of drugs was reasonably suggested by his conduct or appearance, he would never expect to be subject to some type of drug testing. Despite the warning by his probation officer not to use drugs, including marijuana, he said he would use marijuana and did so. Under the circumstances, the court was entitled to impose the urinalysis testing. It clearly was reasonably related to the defendant's rehabilitation and to the goals of probation. It was a foreseeable consequence, not only of a full due process hearing, but out of the reasonable suspicions of an experienced probation officer. State v. Smith, 207 Conn. 152, 172
(1988).
 State v. Smith, at least implies that a probation condition must be related to rehabilitating the defendant for the crime and/or criminal conduct which was the basis for the sentence of probation. See also,State v. Fox, 22 Conn. Sup. 449 (1990); and, State v. Ghiloni,35 Conn. Sup. 570 (App. Sess. of Super Ct. 1978).
Here, the court must decide whether the sex offender treatment condition shares a reasonable nexus with the crime for which the sentence was imposed, carrying a dangerous weapon. "The underlying facts of this [carrying a dangerous weapon] charge had nothing to do with sex, abuse, or threatening." Stipulation, ¶ 6.
A sentencing court should "make express findings supporting the requisite nexus" "shared by the defendant's crime and the imposed condition." State v. Pieger, 240 Conn. 639, 639, n. 5. (1997). This court did not impose the condition of sex offender treatment. However, it can not make any findings supporting a nexus between the sex offender treatment condition and the crime, carrying a dangerous weapon since "[t]he underlying facts of this [carrying a dangerous weapon] charge had nothing to do with sex, abuse, or threatening." The State has not even suggested any findings for the court to make on this score. See Memorandum In Support of Probation Violation of Stanley Dubrel, May 26, 2000.
The court holds there were no legal grounds for the imposition of the sex offender treatment condition. It was void. CT Page 10054
The defendant has not violated any valid condition of his probation.
This violation of probation proceeding is dismissed.
Parker, J.