[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Robert Burbank was convicted of breach of the peace under the provisions of the Alford Doctrine. He was sentenced to a period of probation under conditions as probation would determine necessary. The court accepted the plea and at the time of the sentencing the defendant was advised that the conditions of his probation were to be determined by the department of probation. There were underlying allegations in the original complaint that there were charges of misconduct of a sexual nature, but those charges were nolled and the state elected not to pursue those charges. The defendant elected to plead to breach of peace under the Alford Doctrine.
The probation department, after assessment of the underlying facts originally in the allegations of the information decided to refer the defendant to the North East Clinical Specialists for sex offender evaluation. The evaluation determined that the underlying factors rendered that the defendant was an appropriate candidate for sex offender treatment. However, the defendant was discharged because he was resistant to treatment on July 10, 2000. He was referred to Special Services for assessment and placement in a sex offender treatment program. The defendant was discharged on May 10, 2001 from this second program because he continued to deny any sexual offense.
There is no question that the statue providing for sexual offender treatment enumerates the seven sex offenses that if convicted for engender this treatment as a condition of probation.
The case of State v. Cyr, 57 Conn. App. 743 holds "that sex offender treatment can be required by probation under 53a-30 (13) for any other conditions related to the probationer's rehabilitation."
The issue presented here is not whether the conditions of probation can be imposed, but whether the conditions of probation must bear a nexus with the crime charged and with the crime of which the defendant was CT Page 655 convicted.
In this case, the defendant was convicted of breach of peace under the Alford Doctrine. In the context of this plea would it be reasonable that the defendant could expect sexual offender treatment be made a condition of his probation? The defendant cites to the court the decision in Statev. Dubriel. In that mailer an individual convicted of carrying a dangerous weapon was charged with a violation of probation for failure to comply with sex offender treatment. There the court, Parker, J., ruled that under the stipulation of fact, there was no nexus between the crime and the conditions of probation and consequently found no violation of probation; in that case there was no indication that the defendant could expect that conviction for carrying a dangerous weapon would result in probation requiring sex offender treatment.
In the present case, the court is of the opinion that sex offender treatment could be contemplated because under the Cyr decision, supra, after referencing the underlying facts, the probation department could invoke its power under 53a-30 (13) that such treatment be mandated.
Although the probation department could, under the facts, have a factual nexus of the treatment required after the conviction, there is no indication here that the probationer refused treatment.
The evidence in this case clearly indicates that in all other respects, the probationer had complied with all other requests, together with demands made on his family and that in all other respects, he was in compliance.
The clinician from North East Clinical Specialists testified that Mr. Burbank attended his treatment, but refused to admit to being a sex offender. In their program, admission was key to the efficacy of the program, therefore in the absence of an admission, it is the program directors policy to terminate further treatment. Consequently, in the instant case, the clinician recommended Mr. Burbank be terminated. Mr. Burbank at no time refused to participate in any further treatment.
Accordingly, the court finds no wilful refusal to undergo treatment and finds no violation of probation.
 ___________________ J. Kocay, J.